GERHARD FORTMANN, Respondent, *v.* GEORGE S. WHEELER, Individually and as Executor, etc., of NANCY B. WHEELER, Deceased, and Others, Appellants, Impleaded with THE MESSIAH BAPTIST CHURCH of the City of Brooklyn, N. Y., and Another.

*Tax sale of real estate — occupants deemed to hold in subordination to the purchaser — authority of the registrar of arrears to deliver a tax deed — tax deed presumptive evidence of title — conditions essential to the validity of official acts, presumed.*

The mere fact that a party is in the possession of real estate and asserts an adverse claim thereto does not render a deed thereof void; the claim must be under a specific title.

Where the claim is made under a deed from a purchaser at a valid tax sale, the owners or occupants of the property sold for non-payment of the tax will, after such sale, be regarded as holding the same in subordination to the title of the purchaser at such sale. In such case both parties claim the same title.

The Legislature had the right to enact by section 1 of chapter 163 of the Laws of 1885, that a purchaser at a tax sale "shall take a good and sufficient title in fee simple absolute to the property sold of which the said deed shall be presumptive evidence," and the burden of disproving the authority of the registrar of arrears to deliver a tax deed is upon the person questioning the same.

It is not incumbent upon a party who has purchased real property from a city, which took title thereto under a tax deed, to prove, in an action wherein his title to such premises is questioned, that the city had the right to purchase the premises at the tax sale; such authority, where it is made dependent upon the determination of the mayor, comptroller and corporation counsel, will be presumed.

When an official act, authority for which has been expressly conferred by statute, has been performed in a manner substantially regular, the courts will presume that the conditions essential to its validity have been fulfilled.

APPEAL by the defendants, George S. Wheeler, individually, and as executor, etc., of Nancy B. Wheeler, deceased, and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 6th day of April, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Circuit adjudging the plaintiff to be the owner of an estate in fee simple absolute in certain premises and that he is entitled to recover the possession of the same, and granting nominal damages to him for the withholding of such possession.

*Jesse Johnson,* for the appellants.

*Wm. I. Taylor* and *J. B. Sabine,* for the respondent.

BROWN, P. J.:

This was an action of ejectment to recover possession of lands in the city of Brooklyn, described as lot 21 on block 155 on the assessment map of the twenty-fourth ward, for unpaid taxes.

The land was sold under the Arrears Act (Chap. 114, Laws 1883) and purchased by the plaintiff, by a deed executed by the mayor and comptroller of the city, on December 12, 1892.

The plaintiff, to establish his title, introduced in evidence a deed from the registrar of arrears to the city, dated March 24, 1892, and a deed from the mayor and comptroller of the city to himself, dated December 12, 1892, and rested his case.

The defendants put in evidence deeds showing title in Nancy B. Wheeler in 1884, and it was admitted that the appellants were in possession of the premises as devisees of said Nancy B. Wheeler, under her will and the deeds aforesaid, at the time of the delivery of the deed to the plaintiff.

The appellants ask a reversal of the judgment upon two grounds: (1) That the recitals in the deed of the registrar of arrears are not evidence of the city's title, and (2) that the deed to the plaintiff was void for the reason that, at the time of its delivery, the property was held adversely by the appellants.

The last proposition was decided adversely to the appellants' contention in *Jackson* v. *Sternbergh* (1 Johns. Cas. 153); *Jackson* v. *Graham* (3 Caines, 188); *Hubbell* v. *Weldon* (Hill & D. Supp. 139).

In those cases it was held that under a valid tax sale or sale on execution, the owners or occupants would, after the sale, be regarded as holding in subordination to the title of the purchaser.

The mere fact that a party is in possession and asserts an adverse claim does not render a deed void. The claim must be under some specific title. (*Crary* v. *Goodman*, 22 N. Y. 170.)

The only title which the appellants had was that derived under the will of Nancy B. Wheeler. But that was the same title which the respondent had purchased.

The parties did not, therefore, claim under adverse titles, but both claimed the same title, and, if the proceedings in reference to the tax were valid, that title was vested in the plaintiff, and appellants' possession was subordinate to it.

The Arrears Act provided that a purchaser at the tax sale "shall take a good and sufficient title in fee simple absolute to the property sold, of which the said deed shall be presumptive evidence. (Chap. 163, Laws 1885, § 1.)

The Legislature had the right to give this character as evidence to the deed. (*Curtiss* v. *Follett*, 15 Barb. 337–343; *Johnson* v. *Elwood*, 53 N. Y. 431–435.)

The burden of disproving the authority of the registrar of arrears to deliver the deed was, therefore, upon the appellants.

The provision in the Arrears Act does not differ in substance from that contained in the act of 1850 (Chap. 183), or in the act of 1855 (Chap. 427), or in the act of 1893 (Chap. 711).

The title conveyed by a deed from the Comptroller of the State for land sold for taxes is now, by the latter act, declared to be "an absolute estate in fee simple" subject only to claims of the State for taxes, and the deed is made "presumptive evidence that the sale and all proceedings prior thereto, from and including the assessment

of the lands sold, and that all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and in accordance with all the provisions of law relating thereto." (Chap. 711 of 1893, § 11.)

Statutory provisions of this character, making tax deeds presumptive evidence of the validity of the purchaser's title, have uniformly been held valid. (See Black's Tax Titles, chap. 33, and cases cited.)

The point that it was incumbent on the plaintiff to prove the authority of the city to purchase the land cannot be sustained.

Such authority, made dependent as it was upon the determination of the mayor, comptroller and corporation counsel, will be presumed.

It was expressly conferred by statute, and when an official act has been performed in a manner substantially regular, the courts will presume that the conditions essential to its validity have been fulfilled. (*Wood* v. *Morehouse*, 45 N. Y. 376.)

The judgment must be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.