FRANK J. EISENHUT, Plaintiff, v. MARION DE VRIES, INC., Defendant.

Supreme Court, Suffolk County, February 7, 1934.

*Isaac R. Swezey, Jr.,* for the plaintiff.

*Franklin T. Voelker,* for the defendant.

LEWIS, HARRY E., J. This case was submitted upon an agreed statement of facts. The parties entered into an agreement for the sale of certain real estate. Upon the date set for closing, defendant tendered a deed to the premises, which was refused by plaintiff upon the ground that the title was unmarketable. Plaintiff seeks to recover a down payment and the expenses to which he was subjected for title examination. Defendant denies that the title is defective, and demands that plaintiff specifically perform his agreement. The unmarketability was predicated, firstly, upon an alleged indefiniteness of the actual property transferred to one Seth Cook, alleged to be one of the defendant's predecessors in title under a certain referee's deed of July 26, 1886. Whatever estate Seth Cook might have acquired under such deed, if in fact such interest was not extinguished by certain tax sales hereinafter mentioned, was transferred to defendant under a certain deed of conveyance to it on May 11, 1926. Plaintiff contends that the exception noted in the referee's deed of 1886 renders it impossible to determine the actual property conveyed to Seth Cook. This contention, however, cannot be sustained, for it appears that, subsequent to the delivery of the deed in 1886, the property in question, upon several occasions, was sold for failure by the owner or owners to pay taxes assessed against it. No jurisdictional defect is asserted with respect to any of these sales. The first sale occurred during the month of February, 1889. At that time the property was subjected to sale for non-payment of taxes of 1888, and a deed was delivered, conveying the premises by the county treasurer of Suffolk county on February 19, 1891, to John E. Ireland. Whatever estate in the property had theretofore been acquired either by the grantee named in the deed of 1886 or by any possible grantee of the Welwoods mentioned in the referee's deed prior to May, 1879, was completely extinguished by the exercise of the paramount right of sovereignty.

Pursuant to section 63 of chapter 427 of the Laws of 1855, a conveyance of real property sold for unpaid taxes vested in the grantee an absolute estate in fee simple. That provision was incorporated in 2 Revised Statutes of 1889 ([8th ed.] § 63, p. 1139), which was applicable at the time of the foregoing sale. The tax deed being valid, then from the time of its delivery it " bars or extinguishes all prior titles and incumbrances of private persons, and all equities arising out of them." (*Hefner* v. *Northwestern Life Ins. Co.,* 123 U. S. 747, 751; 8 S. Ct. 337, 338; 31 L. Ed. 309.) (See, also,

*Olmstead* v. *State of New York,* 124 Misc. 684, 687; *Matter of Zub,* N. Y. L. J. Oct. 24, 1932, p. 1703, Special Term, Part II, Supreme Court, Kings County, memorandum by STEINBRINK, J.)

Thereafter John E. Ireland was divested of the title by a sale for unpaid taxes in 1898, and a deed was delivered by the county treasurer to one Benjamin A. Merritt on or about October 17, 1901. Included in the stipulated facts is the statement that the said Merritt " has never conveyed the interest acquired by him under said tax deed and still holds the same." And plaintiff urges that the outstanding tax title in the said Merritt renders the defendant's title unmarketable. That contention is without force, for the stipulation that Merritt never conveyed away his interest must be construed in the light of the other facts stipulated, to indicate that he never so conveyed the property by any affirmative act of his own. This conclusion is compelling, inasmuch as Merritt was divested of all title to the premises on December 4, 1903, by virtue of a sale for the failure to pay taxes accruing during the year 1900, upon which occasion the said John E. Ireland again purchased the property. By virtue of this latter sale Merritt thereafter possessed no " outstanding " interest which would or might affect the marketability of defendant's title. The title obtained at a tax sale is not limited to such as might have been possessed by the person in whose name the property was assessed, because the purchaser becomes vested " with a new and complete title in the land." (*Hefner* v. *Northwestern Mut. Life Ins. Co., supra.*) The purpose of designating the person in whose name the property is assessed is merely secondary, being inserted only for the purpose of identification. The burden of the tax is upon the real property itself, and not upon the owner thereof. (*Smith* v. *Russell,* 172 App. Div. 793; *Wise* v. *Wedlake,* 217 id. 210; *Witherhead* v. *Ort,* 223 id. 626.)

Subsequent to the purchase of the property by defendant's immediate predecessor, one Marion De Vries, it was again subjected to sales at different times for various tax defaults. Upon each cf these occasions said De Vries was the purchaser. The weight of authority supports the proposition that, where an owner, after defaulting in the payment of taxes, repurchases the land upon the particular tax sale, he does not thereby acquire any right or title to the property better than that which he had previously. The purchase is deemed merely a mode of paying the taxes, leaving the title precisely in the position it would have occupied if payment had been made before instead of after the land was put up for sale. (61 C. J. 1326.) This rule, however, does not affect the situation here involved. The marketability of defendant's title is sufficiently established by the fact that the defendant is a grantee under various

mesne conveyances of the complete interest in the land which was acquired by virtue of the tax deed to Ireland in 1903. While one of Ireland's grantees, prior to defendant, suffered defaults in the payment of taxes, and in each case thereafter repurchased the property at the particular tax sale, that did not cause the title thereupon to be unmarketable. Such repurchase merely relieved the property of the lien of the unpaid tax for the particular year, but otherwise did not affect the title. It did not cause a title, which was, therefore, complete, to be unmarketable.

Judgment, therefore, is directed in favor of the defendant. Submit findings and decree.