Henry A. Hudson, J.
This action in ejectment was tried before the court without a jury.
The plaintiffs seek to recover possession of premises owned by them in the Town of Hounsfield, Jefferson County, New York, upon and over which the defendant has erected poles and constructed an electric power line. The defendant acknowledges plaintiffs’ title but asserts its right to occupy the land in question under an unrecorded option or easement from a predecessor in title to the plaintiffs. It is conceded that the defendant was in possession of the lands in question, had erected poles, constructed its power line and was transmitting electricity over such line before the plaintiffs’ deed was executed or recorded. The defendant claims that its power line, being erected on poles, was in clear view and that possession was so open, visible and notorious that any prospective purchaser had or should have had constructive notice that the defendant claimed to have and was exercising an interest in the property so that such prospective purchaser was duty bound to inquire as to defendant’s interest or right therein. The defendant, by counterclaim, requests affirmative relief of specific performance of the option or easement agreement.
Briefly the undisputed facts established by admission in the pleadings or by undisputed evidence, are that the defendant obtained an option or an easement from one Vito Carambia, the then owner of the premises in question, on January 21, 1955. The easement was for a portion of the right of way for a proposed relocation of its power transmission line, Dexter — Sackets Harbor No. 21, a distance of about three and one-half miles, the right of way covered by such easement being slightly under 2,000 feet. Vito Carambia died and Carmella June Carambia obtained title thereto from his heirs on June 25, 1959. She thereafter sold a portion thereof to the plaintiffs by deed dated April 23,1960 which was recorded May 26,1960. The defendant did not commence the construction of such right of way until March 8, 1960, completed the same and commenced *281 transmitting current on April 22,1960 the day before plaintiffs’ deed was dated and acknowledged.
The defendant by admitting the allegations of the complaint with the exception that it asserts its right to occupy the plaintiffs’ land for its transmission line, must be held to have conceded that one Carmella June Carambia, on June 25,1959, was seized in fee simple and entitled to the immediate possession of some 119 acres of land in the Town of Hounsfield, Jefferson County, New York, which had formerly been owned by one Yito Carambia, deceased, and which was conveyed to her by the heirs of Vito Carambia on that date; that by deed dated and acknowledged on April 23, 1960, Carmella June Carambia conveyed a portion of said premises to the plaintiffs, such deed being recorded May 26, 1960 in the Jefferson County Clerk’s office; that plaintiffs became entitled to the immediate possession thereof except for defendant’s possible right of way, which right of way exists, if at all, by reason of an unacknowledged document purporting to be an option, a copy of which is annexed to the complaint, being also “ Exhibit 3 ” in evidence bearing date January 21, 1955 and not recorded; that the defendant was prior to and on April 23,1960, in possession of a portion of the lands acquired by plaintiffs on that date; that the lands of plaintiffs occupied by defendant were as described in paragraph “ third ” of the complaint, namely 1,957 feet in length by 50 feet in width.
For the purposes of this action, I will hold that the plaintiffs have established the allegations of the complaint to the extent above set forth even though a careful examination of ‘ ‘ Exhibits 3 ’ ’ and “ 6 ” will show that there is an error in the description in paragraph 1 ‘ third ’ ’ of the complaint as it clearly covers the entire right of way set forth in the option agreement, “ Exhibit 3 ”, although the conveyance to plaintiffs set forth in paragraph “ secojstd ” of the complaint apparently covers only one half of the lands then owned by Carmella June Carambia. In fact the description in paragraph 11 third ” is obviously obtained from an instrument not in evidence because, although referring to the option given defendant June 21, 1955 by Vito Carambia, the description contains a reference to the lands as being those of plaintiffs. The defendant, in its counterclaim, sets forth an offer on its part to acquire from the plaintiffs the lands described in paragraph “ third ” of the complaint.
The defendant sought permission, after the plaintiffs had rested, to amend its answer to correct the confusion as to the location and extent of the property involved but the court denied the motion as untimely.
*282 I conclude, therefore, that the plaintiffs, except for the question of the defendant’s right to use and occupy the portion of the plaintiffs’ land described in paragraph “third” of the complaint, have established facts sufficient to sustain their action in ejectment and such an action is a proper one. (Butler v. Frontier Tel. Co., 186 N. Y. 486.)
I further conclude that defendant’s alleged option or easement (“ Exhibit 3 ”) not being recorded, did not constitute constructive notice thereof by reason of the record title and would be null and void as to the plaintiffs in the absence of actual or constructive notice to the plaintiffs by other means. (Real Property Law, § 291, as amd.; § 294, as amd. to April 23,1960.)
The question is, therefore, squarely presented whether the plaintiffs had knowledge of the existence of the defendant’s transmission line either actual or constructive.
There is no proof and I so find, that plaintiffs had any actual notice or knowledge that the defendant was occupying any portion of their property on April 23,1960.
The only question remaining is that of constructive notice to plaintiffs by reason of the occupancy by the defendant of a portion of the premises acquired by plaintiffs April 23,1960 for the purposes of its electric transmission line and right of way therefor.
The defendant sets up as a counterclaim, affirmative facts showing the date it entered upon the premises, the date it erected its transmission poles and lines on the premises and the date it commenced transmitting power over its line.
No reply was served by plaintiffs.
The defendant offered proof from which it was established, and I so find, that the defendant entered upon the lands in question March 8, 1960 with automatic digging machinery, dug holes and set six poles, the last being set March 11, 1960. The poles were 40 and 45 feet in length. The 40-foot poles were set 7 feet in the ground and extended 33 feet above ground. The 45-foot poles were set 8 feet in the ground, leaving 37 feet above the ground. Thereafter wires were strung along the poles, five wires in all, that work being completed on April 21, 1960. On the following day, April 22, 1960, the lines were energized and from that day forward, power was transmitted over the line. I further find that the power line over the land in question was about 200 feet south of the Military Road, so-called, running between Dexter and Sackets Harbor, New York, and was visible to anyone upon the road.
I further find that “ Exhibits 4 ” and “ 5 ” were photographs taken in December, 1960 of plaintiffs’ property south of the *283 highway. They do not show conditions as they existed in March and April, 1960 except that they show the general terrain and defendant’s power line in question.
I further find that “ Exhibit 6” is a survey including the property which is the subject matter of this action made by the defendant showing such property as belonging to Vito Carambia.
I further find that the plaintiff, Joseph Sanzone, started negotiating for the purchase of the premises in August, 1959 and had been familiar with the premises for about eight years.
I find, as a fact, that the occupancy by the defendant of the premises which are the subject of this action, from March 8, 1960 until April 22, 1960, when the transmission line was completed and actuated and the use thereof as a transmission line from April 22, 1960 up to the time of the commencement of the action and thereafter, was sufficiently open, visible and obvious upon even a cursory examination of the property, that it must be held to constitute constructive notice to a reasonably, careful and prudent buyer of the existence of some right or claim of right to possession by those maintaining such power transmission line. (28 C. J. S., Easements, § 49, pp. 713-714; Corning v. Lehigh Val. R. R. Co., 14 A D 2d 156,166.) “ The possession by the railroad company would have been sufficient of itself to give notice to the grantee of the railroad company’s interest, even if there had been no express exception in the deed. ‘ Actual possession of real estate is sufficient notice * # * to all the world of the existence of any right which the person in possession is able to establish ’ (Phelan v. Brady, 119 N. Y. 587, 591-592). ”
The cases seem to be uniform in holding that where an open and clearly visible use of premises exists for the benefit of a third party, a prospective purchaser is chargeable with knowledge sufficient to put him upon inquiry and he is not entitled to rely solely on the record title but is placed on constructive notice of the existence of a possible adverse interest. (Historic Estates v. United Paper Bd. Co., 260 App. Div. 344, affd. 285 N. Y. 658; Cohen v. East Netherland Holding Co., 258 F. 2d 14, 17; Mendez v. Eastern Sugar Associates, 89 F. 2d 399, 405.)
The present case is, in my opinion, easily distinguishable from the facts which controlled the decisions in the cases cited by the plaintiffs. (Buffalo Academy of Sacred Heart v. Boehm Bros., 267 N. Y. 242, 250; Lyons Holding Corp. v. Home Title Ins. Co., 250 App. Div. 640, 641; Deepdale Cleaners v. Friedman, 16 Misc 2d 716, 722; Feigen v. Green Harbour Beach Club, 25 Misc 2d 101, 113; Corning v. Lehigh Val. R. R. Co., 21 Misc 2d 706, 707.) This latter case was reversed (14 A D 2d 156) and while the facts in that case revolved around an actual exception in the *284 deed of conveyance forming the chain of title, nevertheless Justice Haiapern observed (p. 166) that even without the exception in the deed, there would have been constructive notice in any event by the obvious existence of the railroad right of way across the premises.
I, therefore, conclude that the plaintiffs were given constructive notice that the defendant was occupying the premises sufficiently to put them upon inquiry before they purchased the property and that the plaintiff's have failed to establish a right to relief in ejectment against the defendant. Defendant is entitled to judgment dismissing the plaintiffs’ complaint, with costs.
I further find that the defendant has failed to establish any facts which would support a judgment for specific performance of any of the terms or provisions of the option or easement (“ Exhibit 3 ”) as against the plaintiffs or either of them. The defendant’s demand for affirmative relief is denied.