Richard J. Cardamone, J.
The plaintiffs move for partial summary judgment pursuant to CPLR 3212.
The plaintiffs are the owners of certain real property located in the Town of Hounsfield, Jefferson County, New York, upon which premises defendant has placed six electrical transmission poles and two guys as well as transmission lines. The defendant is presently transmitting electricity through this equipment. The defendant took possession of a strip of land 50 by 195 feet and placed these poles and lines on it after obtaining a written instrument from one Vito Carambia, dated January 21, 1955. Actual construction on the land commenced on March 8, 1960, and all of the work was completed and the line was energized on April 22,1960. Vito Carambia died intestate on April 21, 1959, leaving as his only heirs at law and distributees two sons and one daughter, all three of whom deeded their interest to the wife of one of the sons, one Carmella June Carambia, who, in turn, deeded the premises (which included the strip along which the defendant’s power lines were located) to the plaintiffs on April 23,1960.
These facts and other details concerning this matter, are set forth in a previous action for ejectment instituted in this court by the same plaintiffs against the same defendant. That matter resulted, after a trial, in a judgment for the defendant, the plaintiffs demand for ejectment being denied. (Sanzone v. Niagara Mohawk Power Corp., 36 Misc 2d 279, 284, affd. without opn. 19 A D 2d 861, mot. for lv. to app. den. 13 N Y 2d 601.)
The present action is based upon the same facts as those litigated in the previous action except that the plaintiffs are seeking partial summary judgment based on the theory that the defendant is a trespasser on the plaintiffs’ land; and requesting that the question of damages only be determined by a trial. The defendant also demands summary judgment that this court declare that it has an easement on the strip of land which it is presently occupying. As to the first cause of action, both parties concede that there are no factual questions to be determined. The plaintiffs have also, in a second cause of action, sought damges for the destruction of a stone wall allegedly torn down and demolished by the defendant when it entered upon the plain *239 tiffs’ lands. The plaintiffs seek $500 damages in this cause of action. The defendant has denied the allegations of that cause of action.
“ It has been the law in this state for a number of years, that an easement to do some act of a permanent nature on the land of another can be created only by a deed or conveyance in writing, operating as a grant, and that a consent in writing on the part of the landowner is no more valid than if it were by parol ’ ’. (White v. Manhattan Ry. Co., 139 N. Y. 19, 24.) Concededly, here, the instrument which Vito Carambia executed and which the defendant used as its authority for entering upon his lands was unacknowledged and, therefore, not able to be recorded as a grant. While this instrument did not create an easement, it did establish certain rights enforcible between the parties to it and against a purchaser with notice. (Historic Estates v. United Paper Bd. Co., 260 App. Div. 344, 348, affd. 285 N. Y. 658.) Here, as in the Historic case (supra), the issue of notice determines the case.
“ The applicable principle of law was well stated more than 100 years ago in Williamson v. Brown (15 N. Y. 354) in the following quotation from page 362: ‘ the true doctrine on this subject is, that where a purchaser has knowledge of any fact, sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim, to be considered as a tona fide purchaser ’ ”. (Lubelle v. Rochester Gas & Elec. Corp., 21 A D 2d 369, 371.)
‘1 Actual possession of real estate is sufficient notice * * * to all the world of the existence of any right which the person in possession is able to establish ”. (Phelan v. Brady, 119 N. Y. 587, 591-592.) Basements can only be acquired by grant, express or implied, or by prescription or by necessity. (Smith v. New York Cent. R. R. Co., 235 App. Div. 262, 266; see Corning v. Lehigh Val. R. R. Co., 14 A D 2d 156.)
The previous litigation between the parties establishes the law of the case. The plaintiffs, being on notice as to the rights of the defendant and its possible interest in the real property which was visible and clearly observable to them, cannot be considered bona fide purchasers for the purpose of obtaining summary judgment against the defendant. The plaintiffs having asked in their notice of motion, dated June 21, 1965, in addition to the relief of summary judgment, “ for such other and further relief as may seem just and proper ”, this court will exercise its equitable powers and direct the plaintiffs to execute and *240 acknowledge a grant and easement over the premises now occupied by the defendant. This grant and easement shall be similar to that executed by Philip, Anthony and Carmella June Carambia and Catherine Smith, dated November 25, 1964, and recorded in the Jefferson County Clerk’s office in Book 762 of Deeds at page 152. Upon the execution, acknowledgement and recording of the said grant and easement, the defendant is directed to pay to the plaintiffs the sum of $400, originally agreed upon by the defendant and Vito Carambia, plus interest from August, 1960, the date when the defendant first offered to pay this sum to the plaintiffs.
There being a disputed issue of fact as to the alleged destruction of a stone wall, as set forth in the second cause of action of the plaintiffs’ complaint, summary judgment will be denied as to this cause of action. That cause of action should be severed and separately tried, the first cause of action having been determined as a matter of law herein.