■ PAT PALLONE et al., Respondents, v. NEW YORK TELEPHONE COMPANY, Appellant. (Appeal No. 1.) — Judgment and order unanimously reversed on the law and facts, with costs and complaint dismissed. Memorandum: The defendant had unrecorded easements to place poles on certain property. The easements were in existence and poles were placed in plain view on the property prior to 1957, in which year it was purchased by the plaintiffs. They attempted upon the trial to prove that in 1965 or 1966 the defendant relocated the poles that were in the highway right of way and placed them inside their property line. Although the trial court found that the plaintiffs failed to establish that the poles were relocated by the defendant, it held that the easements relied upon by the defendant were mere licenses or easements in gross that were extinguished when the real property was conveyed out of the grantor of the easement. This was error. If there had been no actual or constructive notice, the defendant's rights under the unrecorded easements would have been extinguished by reason of section 291 of the Real Property Law. However, where there is open and visible use of property by a third person, a purchaser is placed on constructive notice of the possible existence of prior rights. (*Phelan* v. *Brady*, 119 N. Y. 587, 591; *Williamson* v. *Brown*, 15 N. Y. 354; *Lubelle* v. *Rochester Gas & Elec.*, 21 A D 2d 369; *Sanzone* v. *Niagara Mohawk Power Corp.*, 47 Misc 2d 237, affd. 27 A D 2d 646.) (Appeal from judgment and order of Onondaga Trial Term in action for damages for trespass.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.

■ PAT PALLONE et al., Appellants, v. NEW YORK TELEPHONE COMPANY, Respondent. (Appeal No. 2.) — Order unanimously affirmed, without costs. Memorandum: The illness of the secretary of an attorney is not sufficient reason to extend the time for a party to take an appeal under CPLR 5514 (subd. [b]) providing for an extension when an attorney is "removed or suspended, or becomes physically or mentally incapacitated or otherwise disabled". (Appeal from order of Onondaga Special Term denying motion to appeal from order and judgment in Appeal No. 1.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.