Israel Rubik, J.
Plaintiff has commenced this action in ejectment to recover possession of a strip of land which it is claimed the defendants have encroached upon. The defendants claim that title to the strip of land in question has been acquired by them by way of adverse possession. The strip of land is part of a parcel described as follows: Beginning at a point on the southerly side of Arnow Avenue 103.88 feet west of Cruger Avenue, running west on Arnow Avenue for approximately 8 feet, then running southwest, parallel to the westerly boundary line of tax map lot No. 28 of Section 16, Block 4509, for approximately 21 feet, then running east, parallel to Arnow Avenue, for approximately 8 feet, to the westerly boundary line of said Tax Map lot No. 28, then running northeast, along the westerly boundary of said Tax Map lot No. 28 of Section 16, Block 4509, • for approximately 21 feet to the southerly side of Arnow Avenue being the point or place of Beginning.
The parties to this dispute are adjoining landowners, the plaintiff having acquired title to its land, including the strip in question, by virtue of a conveyance from the City of New York, by deed dated, April 10, 1956. Title had been acquired by the City of New York pursuant to an in rem f oreclosure action ■ commenced in 1953 and which subsequently resulted in the execution of a deed to the City of New York, dated July 14, 1954.
The defendants contend that the property in question was fenced in and used adversely since they had obtained title from their predecessors on January 21,1965 and prior to their obtaining title such land was adversely held continuously by all prior owners since 1942.
*1068 The parties agree that the Statute of Limitations applicable to this ease is 15 years. By the defendants’ proof it has been established that the land in dispute has been continuously held adversely by the defendants and their predecessors since 1942; the time the land was held by their predecessors having been tacked on to their possession. It has been established that there was an intent to convey the property in dispute. A claim of possession may continue unbroken by a succession of tenants and where this occurs the adverse possession may be just as effectual as though the premises were held during the whole period of one person. All that is necessary in order to make an adverse possession effectual for the statutory period by successive persons is that such possession be continued by an unbroken chain of privity between the adverse possessors. (Belotti v. Bickhardt, 228 N. Y. 296.)
This brings me to the next question in this case, which is whether the intervening title by the City of New York has effectively disrupted the claim of continuous possession.
At the time title vested in the ¡City of New York, the property herein had not been held adversely for a continuous period of 15 years. The earliest date established by the defendants was 1942, .approximately 12 years prior to the city’s obtaining title. Had the Statute of Limitations run and the adverse possession ripened into title at the time of the in rem proceeding, the subsequent tax sale and acquisition by the city would not have cut off the rights of the defendants. (Jackson v. Smith, 153 App. Div. 724, affd. 213 N. Y. 630.)
The court is satisfied that the property in question was part of the in rem proceeding and the ultimate conveyance by the City of New York to the plaintiff. A deed to the City of New York conveys to the city an estate in fee simple absolute. This is codified in subdivision d of section D17-12.0 (ch. 17, tit. D) of the Administrative Code of the City of New York which provides: ‘ ‘ Upon the execution of such deed, the city shall be seized of an estate in fee simple absolute in such land and all persons, including the State of New York, infants, incompetents, absentees and non-residents who may have had any right, title, interest, claim, lien or equity of redemption in or upon such lands shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption.” Where land has been sold or forfeited for taxes after an entry thereon which would otherwise have ripened into title by adverse possession, any adverse title is abrogated by the vesting of title in the city. (Fortmann v. Wheeler, 84 Hun 278; Eisenhut *1069 v. Marion De Vris, Inc., 150 Misc. 804; 2 N. Y. Jur., Adverse Possession, § 76.)
The defendants’ adverse possession was, therefore, interrupted by the intervening title in the City of New York, not having ripened into title at the time of the in rem proceeding. After plaintiff acquired title, the adverse possession commenced to run anew. The action before this court was commenced on August 28, 1967 by the service of the summons and complaint upon the defendants. The plaintiff had acquired title from the City of New York, by deed, dated April 10, 1956. This action was commenced within 15 years from the date the plaintiff acquired its title from the City of New York and it is, therefore, evident that the Statute of Limitations has not run prior to the commencement of this action.
The court is aware of the defendants’ feeling towards the strip of land in dispute and sympathizes with them in their sincere love for their garden and the tree to be found thereon. It is hoped that progréss will perhaps, in this instance, be slowed down for man’s love of nature even in the midst of a bed of concrete, and that the plaintiff will permit the defendants the use of the tree and its pleasures until such time as it has use for the property.
However, in the facts of this case, the court has no alternative but to find that the plaintiff is the owner of the land in question as heretofore described and is entitled to recover possession thereto and the Clerk” is directed to enter judgment accordingly.