■ SYRACUSE READY-MIX CONCRETE CO., INC., Respondent, v. STATE OF NEW YORK, Appellant.— Judgment unanimously affirmed, with costs. Memorandum: The State appeals from a judgment of the Court of Claims which awarded direct and consequential damages to claimant for the taking of 1.197 acres from the south side of its property. Prior to the appropriation claimant owned 22 acres of land which was divided into two parcels by a railroad right of way. The appropriated land was taken from the eight-acre parcel south of the railroad, which had been used since 1955 in connection with the 13-acre parcel north of the railroad, in a sand and gravel washing operation. Prior to 1955 the lands on both sides of the railroad were used for farm purposes by means of a farm crossing. Thereafter claimant and its predecessor in title used the farm crossing for industrial purposes and the railroad company assisted it in such use by raising its telegraph wires to facilitate the passage of cranes and other heavy equipment over the crossing. Claimant continued to use the crossing for industrial purposes without objection by the railroad company or the State which acquired the railroad lands in 1961, until the appropriation which removed the south wall of claimant's reservoir. The State contends that a farm crossing could only be used for farm-related activities and that when such activities ceased the right to use the crossing ended and the land south of the railroad then became landlocked. Although there is authority which would suggest a strict limitation of the term "farm crossing" as used in section 52 of the Railroad Law to crossings connected with farm property and farm-related activities (*Pro-Fac Coop.* v. *Baltimore and Ohio R. R. Co.*, 36

A D 2d 441, 443; *Smith* v. *New York Cent. R. R. Co.*, 235 App. Div. 262, 265) it has also been held that "the statute does not limit the right of adjoining owners to crossings solely for agricultural purposes". (*Buffalo Stone & Cement Co.* v. *Delaware, Lackawanna & Western R. R. Co.*, 130 N. Y. 152, 159) and " the term 'farm crossing' should properly be construed as including any crossing useful to the adjoining land owner." (*Walker* v. *State of New York*, 40 A D 2d 63, 65, 66, mot. for lv. to app. granted 32 N Y 2d 611.) We so construe it in this case and hold that the industrial use of the crossing was a permitted use of it and the land south of the railroad was not landlocked at the time of the appropriation. Furthermore, by assisting claimant's predecessor in title in the industrial use of the crossing and by standing by without objection while claimant and its predecessor constructed substantial industrial improvements on their land the railroad company was estopped from thereafter closing the crossing to such use. Thus in *Andrews* v. *Cohen* (221 N. Y. 148, 153) the court in holding that an estoppel may arise where the owner of an easement stands by without objection while the owner of the servient tenement, in the belief that he has the right to do so, constructs a building on the land over which the easement passes, said, "though an easement may not be ended, yet by acts of the owner of the dominant tenement or in certain cases by his silence where it becomes his duty to speak, he may be estopped from asserting it." "The rule is applicable where the party against whom the estoppel is claimed not only makes no objection but assists in making the improvements" (31 C. J. S., Estoppel, § 94; see, also, *Rothschild* v. *Title Guar. & Trust Co.*, 204 N. Y. 458, 462, 464). The use of the crossing having been apparent to the State when it acquired the railroad property in 1961 it was put on notice of claimant's use thereof for industrial nonfarm purposes and it was charged with knowledge of the facts that an inquiry would have revealed (*Sanzone* v. *Niagara Mohawk Power Corp.*, 36 Misc 2d 279, affd. 19 A D 2d 861; Warren-Weed, New York Real Property, Easements, § 19). The facts would have revealed that claimant had an easement by estoppel to use the crossing for industrial purposes and that no part of claimant's premises was landlocked. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Del Vecchio, J. P., Moule, Cardamone, Simons and Henry, JJ.