Morrie Slifkin, J.
This is an action to enjoin and restrain the defendant from channeling and diverting surface waters from a public highway into a storm drain and then on to plaintiff’s land; to enjoin and restrain the discharge of surface waters on plaintiff’s property; to direct the defendant to complete the drainage system so as to prevent the channeling of water therefrom on to plaintiff’s property; and for money damages.
Plaintiff has moved for summary judgment granting it an injunction as demanded in the complaint and for an order directing an immediate trial on the issues of damages. Defendant cross-moves for summary judgment dismissing the complaint.
The plaintiff is the owner of vacant land at the northwest corner of Theodore Fremd Avenue and North Street in the City of Rye, New York. In 1926, the predecessors in title of the plaintiff prepared a proposed subdivision of this property and in connection therewith, conveyed to the Village of Rye (predecessor of the City of Rye) a strip of land extending across the property 40 feet in width and 290 feet in length for a proposed street. This strip of land ran from Theodore Fremd Avenue to a point about 35 feet from the New York, New Haven and Hartford Railroad. From that point to the railroad property a 10-foot easement was granted to the Village of Rye. The proposed subdivision was never developed or completed *568 and as a result thereof, the roadway was not constructed. The Village of Rye installed a sewer line in the bed of the said 40-foot strip and 10-foot easement.
In 1931, the bed of Theodore Fremd Avenue was transferred by an act of the Legislature from the Village of Rye to the County of Westchester. Thereafter, and about that time, the County of Westchester reconstructed Theodore Fremd Avenue and North Street in the area involved in this proceeding. In connection therewith, it installed storm drains and catch basins along the streets, one of which was installed in front of the subject property. When this catch basin was built, a drain pipe four feet in length was installed running from the catch basin into the 40-foot strip of land owned by the Village of Rye. Subsequently, on two occasions and prior to 1947, the said drain pipe was extended under ground in the said 40-foot strip of land for a total distance of approximately 100 feet by the County of Westchester. It is conceded that the surface waters from Theodore Fremd Avenue drained into the said catch basin and ran therefrom through the extended drain pipe into an open ditch on the surface of the said 40-foot strip of land in the direction of the railroad property.
Since 1931, it is conceded that Theodore Fremd Avenue has been a county road and since that date, the County of Westchester has been responsible for the maintenance of the street which includes the draining of surface waters therefrom. It is further conceded that by subsequent mesne conveyances, certain easements were created which are a matter of record, but the benefit of which extend exclusively to the Village of Rye (now the City of Rye) and which do not extend in favor of the defendant in this action.
In 1963, the City of Rye conveyed title to the 40-foot strip hereinabove referred to, a private corporation. On September 30, 1963, this corporation, B. M. Heede, Inc., conveyed title to Norse Development Corporation by a deed of record and thereafter by deed dated December 6, 1963, the Norse Development Corporation, conveyed the subject premises to Ford-ham Operating Corp. the plaintiff in this action, which deed is recorded in Liber 6675 of Deeds at page 494.
The court has considered the affidavits and exhibits submitted in connection with the instant motions. Plaintiff concedes that they took title subject to the easements of record presently in favor of the City of Rye, but plaintiff’s vice-president, who executed the affidavit in support of the instant motion on *569 behalf of plaintiff, states that he did not learn of the existence of the drain pipe leading from Theodore Fremd Avenue until some time after litigation had been commenced between these parties. However, it is to be noted that a print of a survey prepared by the Munson Company dated July 23, 1963 and certified to the title company which later insured title in plaintiff, discloses in the bed of the 40-foot easement referred to, an 18-inch drain, a head wall below which appears an open drain ditch, the conduit through which storm waters are deposited on the lands of the plaintiff. Further, plaintiff’s engineer certifies that his visual inspection during the course of a rain storm disclosed that water was actually discharged in heavy volume and substantial amounts into the drainage ditch creating a substantial body of surface water which plaintiff claims serves to deprive it of the use of its property.
In 1970, this plaintiff brought an action against both the County of Westchester and the City of Rye in which the same relief was sought as in the instant action. However, that action was dismissed by a decision of Mr. Justice Walsh against the County of Westchester for failure to file a notice of claim and against the City of Rye on the ground that the drain pipe in question is within the exclusive management and control of the County of Westchester.
The plaintiff in this action as set forth above, seeks to enjoin the county from continuing to collect and discharge the channeled water on its property and to recover monetary damages.
The answer of the county after denying the material allegations of the complaint, sets forth numerous affirmative defenses.
The second affirmative defense alleges that plaintiff’s property forms a natural low point into which the drainage of which the plaintiff complains is a result of the natural runoff of surface waters from nearby properties. As a third affirmative defense, defendant alleges that the topography of plaintiff’s land has remained in substantially its present condition for at least 50 years last past.
These defenses are both insufficient in law and not supported by the facts adduced. One who claims a dominant estate by reason of an easement claimed against a servient estate for the purpose of permitting the natural drainage of surface waters from a dominant estate to the surface of the servient estate is subject to the qualification that the owner of the dominant estate cannot by artificially created means, *570 concentrate and discharge surface waters which, if left alone, would have drained elsewhere. (Barkley v Wilcox, 86 NY 140; Buffalo Sewer Auth. v Town of Cheektowaga, 20 NY2d 47, 52; Musumeci v State of New York, 43 AD2d 288, 292.) At bar, the county undertook to construct and maintain devices which artificially and deliberately collected the surface waters from the bed of the public street and channeled those waters through its catch basin and drainage pipe on to plaintiffs land. Under these circumstances, the county cannot rely on the rule above cited.
The fifth affirmative defense alleges that when plaintiff acquired title to the instant premises, plaintiff had knowledge, as evidenced by the contract of sale, that it could not use 14,000 square feet thereof as well as the area of the easement to which reference has been made in favor of the City of Rye for the purposes of construction. Defendant urges that plaintiff had an option to rescind the contract of sale if plaintiff was prevented by the City of Rye from building on the remainder and plaintiff could have escaped from the contract. That limitation however was confined solely to the effect of the zoning ordinance on plaintiffs right to build. It is to be noted that the waters discharged on plaintiffs land caused flooding both on the area covered by the easement as well as other portions of plaintiffs premises and it is this condition and not the limitations of the ordinance which is the basis of this suit. Thus, defendant’s defense on this theory is without merit.
The court now turns to the allegation by the defendant in its fourth affirmative defense that it has acquired and is a holder of a prescriptive right by virtue of the existence and maintenance of the catch basin drainage pipe with the attendant collection and discharge of waters on lands of the plaintiff since 1931. The 40-foot strip on which the drainage pipe has been constructed and located was owned by the Village of Rye and later the City of Rye between the years 1926 until 1963. Where lands are owned by a municipality in its governmental capacity, interest therein or title thereto may not be affected adversely by adverse possession of others (Driggs v Phillips, 103 NY 77; Long Is. Land Research Bur. v Town of Hempstead, 203 Misc 619, 626; Town of Vienna v State of New York, 203 Misc 1053, 1056). Plaintiff therefore urges that any claim of prescriptive right arising through adverse use would come into being only after July, 1963, when title to the 40-foot *571 strip wherein the county’s pipe lies, came into private hands and that the running of the Statute of Limitations to create an easement by prescriptive right would begin to run at that time.
In response, the county argues that while the City of Rye would have available its municipal status as a defense during the period of 1931 to 1963, since Rye elected not to contest the county’s right to a prescriptive easement, the easement therefore ripened into being and therefore this plaintiff may not now be heard to complain or assert a defense which is exclusive to the city. On this basis, the county argues that the municipal immunity from a prescriptive right would be available only to the municipality and cannot be asserted by later individuals in the chain of title.
Unfortunately, the argument of the county is not supported by any authority. This court is of the opinion that if the county cannot obtain a prescriptive easement by reason of adverse use during the period in which the city owned title to the property, then the Statute of Limitations for the purpose of commencing the period of an adverse use would not begin to run until after the city had transferred title to one who is subject to an easement by a prescription. In Lyndel Corp. v Loria (77 Misc 2d 1066), it was held that when the City of New York took title to real property during a period of claimed adverse possession, that the ownership of title by the municipality effectively cut off the running of the Statute of Limitations and, that in computing the period of the running of the Statute of Limitations for adverse use, it was necessary to start anew at the time that the city divested itself of title. Thus, in the cited holding, although the period of the claimed adverse possession had been effected for a period greater than required by the Statute of Limitations, the holding of title by the city during that period of time prevented that adverse use from ripening into title. It was held that a new adverse possession for the period of the Statute of Limitations must be commenced and continued for the statutory period after the city surrendered title.
By reason of the foregoing, the court determines that the Statute of Limitations for an easement by prescription in favor of the defendant would not begin to rim until July, 1963 when the City of Rye conveyed title to the property to B. M. Heede Corporation while reserving an easement for a sewer line. As a further bar to the claim of the county, since the *572 Statute of Limitations affecting the claimed easement by prescription began prior to September 1, 1963, which is the effective date of the provision of the CPLR setting forth a 10-year Statute of Limitations, the 15-year Statute of Limitations of section 34 of the Civil Practice Act applied (Reiter v Landon Homes, 31 AD2d 538; Mayer v Silver, Sup Ct, Westchester County Index No. 9827/70, decided April 2, 1974, affd 47 AD2d 648).
On the basis of a 15-year Statute of Limitations, the adverse use of defendant began to run in 1963 and it is clear that the commencement of this suit in 1974 was well within the statutory period and defendant cannot rely upon an easement by prescription.
Having determined that the Statute of Limitations has not expired, the court need not meet the issue of whether or not defendant may have or may establish all other requisite elements on that easement by prescription (see Di Leo v Pecksto Holding Corp., 304 NY 505).
To the extent that defendant alleges that plaintiff has failed to demonstrate that the drainage pipe of the county is the exclusive source of the water running on the surface of the plaintiffs premises, as well as the claim by the plaintiff that it is unable to obtain a building permit by reason of its inability to deal with the drainage problem of the surface waters, both relate to the issue of damages only and do not relate to liability in this law suit. Nor does a claim by the defendant that it cannot channel the water elsewhere bear upon defendant’s liability in this action. To the extent that condemnation may provide a solution, that issue is for the defendant to pass on and not this court.
The argument by defendant that plaintiff took title to the instant property with knowledge of the drainage of surface waters onto its land is not damaging to the plaintiffs position. Absent the existence of a prescriptive right by reason of adverse use over the period of the Statute of Limitations, a property owner may obtain relief from a nuisance despite the fact that he acquired title with the knowledge of the condition. (Ackerman v True, 175 NY 353, 360.)
However, a defense is available to the defendant to defeat the instant motion although that defense is inartfully pleaded in the answer. In the opinion of the court, its consideration of the contents of the affidavits and exhibits thereto annexed *573 create, under the defense to which reference has been made, an issue of fact which precludes the granting of summary judgment to either side. In its answer, defendant claims that it has an existing easement to collect and to drain water on the land of the plaintiff through an easement obtained from the village, now the City of Rye, which easement, although neither written nor recorded, has been openly utilized by the county since 1931.
An easement by grant may be made orally where the agreement is so far performed by acts unequivocally referable to the agreement and constituting the price of the grant so as to take the agreement out of the operable effect of the statute of frauds (2 Warren’s Weed, NY Real Property, Easements, §3.01). Thus, if the County of Westchester establishes by competent proof that it obtained permission from the Village of Rye, either orally or by written agreement, to install, construct and maintain a drainage pipe from its catch basin in the bed of Theodore Fremd Avenue in the bed of the 40-foot strip of land then owned by the Village of Rye, and to erect a head wall thereon, an appropriate easement may then exist.
Although a purchaser of real property may assume that no easements exist which affect the real property which are not of record, a substantial body of law exists which establishes that uses which are open and visible as the result of the exercise of the rights granted under an easement, may give notice of the existence of the easement and the exercise of the rights thereunder to a prospective purchaser of real property on the theory that an open and visible use which could have been discovered by an inspection of the real property charges the prospective purchaser with constructive notice of the existence of such an easement (see Historic Estates v United Paper Bd. Co., 260 App Div 344, affd 285 NY 658). Where an open and clear use of premises exists for the benefit of a third party, a prospective purchaser is chargeable with knowledge sufficient to put him upon inquiry. He is not entitled to rely solely on record title, but is placed on constructive notice of the existence of the possible adverse interest (Sanzone v Niagara Mohawk Power Co., 36 Misc 2d 279, affd 19 AD2d 861, app den 13 NY2d 601). It is well established that the grant of an easement between the original parties need not be acknowledged or attested in order to be effectual. An unacknowledged or unattested grant is ineffectual only against a subsequent purchaser without notice (2 Warren’s Weed, NY *574 Real Property, Easements, § 3.01; Heatherdell Farms v Huntley Estates, 130 NYS2d 335).
To summarize, if the defendant can establish that in fact an easement was conveyed to it by the Village of Rye granting its permission to install the drainage pipe and head wall on the premises of the village and permitting the discharge of surface waters which were collected from the bed of the public road on to the surface of the land of the village, and further, that the presence of the drainage pipe and its use were so open and notorious as to have been discoverable upon inspection, thereby constituting constructive or actual notice, defendant may prevail in this law suit. However, these issues are of factual nature and cannot be determined on the basis of the pleadings or affidavits or exhibits submitted. If the defendant prevails, it is to be noted that: to the extent that such discharged waters may have encroached upon adjoining private lands, the trial court may determine that a prescriptive easement for that purpose may have come into being.
In view of the foregoing, the motion and cross motion for summary judgment are denied. However, the issues to be determined at the trial of this action shall be limited in accordance with the foregoing (CPLR 3212, subd [g]).
In the foregoing decision, the court does not reach the issue of whether or not plaintiff, if it prevails in this law suit, would be entitled to injunctive relief. That issue is left to the trial court to determine the appropriate remedy.
Submit order on notice.