■ ROBERT WALLACE, Respondent, v JOHN HOSLEY, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered January 6, 1978 in Hamilton County, which denied defendant's motion for summary judgment. This action was commenced pursuant to article 15 of the Real Property Actions and Proceedings Law to compel the determination of a claim to real property situate in the Town of Long Lake, County of Hamilton. In the month of July, 1971, Robert E. Hammer signed and delivered a warranty deed conveying said property to the plaintiff, Robert Wallace. This deed dated July, 1971 was neither acknowledged nor attested to by the grantor in the presence of a witness, and was not recorded. Thereafter, plaintiff entered into possession, and allegedly made extensive and obvious improvements to the property. Thereafter, the property was assessed to plaintiff on the assessment and tax rolls of the Town of Long Lake and the taxes imposed thereon were paid by plaintiff. By deed dated August 18, 1976 and acknowledged on the same day, Robert E. Hammer conveyed the same premises to the defendant, John Hosley. This deed was recorded in the Hamilton County Clerk's office on August 20, 1976. The transfer tax paid to said clerk at the time of recording indicates a consideration of $1,500. This action was commenced on December 14, 1976. On June 27, 1977, defendant moved for an order dismissing the complaint, and directing the entry of summary judgment in his favor on the ground that the unacknowledged and unattested deed to plaintiff did not take effect as against defendant. Special Term denied the motion on the ground that there were issues of fact to be tried in accordance with the decision in *City of New York v New York & South Brooklyn Ferry & Steam Transp. Co.* (231 NY 18). Defendant contends that section 243 of the Real Property Law, and the decision in *Chamberlain v Spargur* (86 NY 603), are controlling in this case, and that he is entitled to judgment in his favor. Section 243 of the Real Property Law provides that a grant in fee or of a freehold estate which is not duly acknowledged before its delivery or the execution and delivery of which is not attested by at least one witness, does not take effect as against a subsequent purchaser or encumbrancer until so acknowledged. In *Chamberlain v Spargur (supra,* p 607), it was held that a "grantor who has signed a deed, unattested and unacknowledged, is left with the power of effectively conveying by a later deed properly executed", and that an unacknowledged and unattested deed has no effect against a subsequent purchaser. In the case of the *City of New York v New York & South Brooklyn Ferry & Steam Transp. Co. (supra,* pp 25-26), the court considered the *Spargur* case and said: "We think the equities arising from contract, possession and improvement are not so easily destroyed. The statute nullifies the instrument of

transfer considered as a formal grant, but it does not nullify rights and interests which would be maintained and protected irrespective of a grant. The railroad was not outlawed in taking an imperfect deed. Its plight is surely no worse than if it had taken no deed at all, but had gone into possession under an oral agreement that it would receive a deed thereafter. Its entry was accompanied by valuable improvements, the moving and rebuilding of the ferry house, upon the faith of defendant's covenant and in performance of its own. In equity its rights were equivalent to those of ownership * * * No purchaser with notice would be suffered to ignore them. The imperfect deed might be disregarded, but not the equities behind it. We find nothing to the contrary in *Chamberlain v. Spargur [supra]* and *Nellis v. Munson* [108 NY 453]. All that they decide is the effect of notice when restricted to the deed and nothing else * * * Possession and improvements are effective against subsequent purchases if the possessor of the land is there without a deed. We find it inconceivable that they should be ineffective, in like circumstances of notice, when he is there with an imperfect deed." The language of that case is clear, and there is no basis for distinguishing the present case from that case on the ground that the former involved an easement, and the present case involves the fee title. The plaintiff was in possession, made improvements, and paid the taxes which were billed to him. Special Term properly denied defendant's motion. Triable issues of fact exist as to defendant's knowledge of plaintiff's possession, as well as the improvements made by plaintiff, and the expense incurred in making them (see *Keinz v Niagara Mohawk Power Corp.,* 41 AD2d 431; *Historic Estates v United Paper Bd. Co.,* 260 App Div 344, 348, affd 285 NY 658; Real Property Law, § 291). Order affirmed, with costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Main, JJ., concur.