■ JOHN F. LOUGHRAN, Appellant, v ORANGE AND ROCKLAND UTILITIES, INC., et al., Respondents. [619 NYS2d 200] — Cardona, P. J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Bergerman, J.), entered January 14, 1993 in Rockland County, which granted a motion in limine by defendant Asplundh Tree Expert Company to preclude plaintiff from introducing certain evidence concerning the validity of the 1963 utility easement.

In 1986 defendants entered upon plaintiff's land to clear trees in the immediate vicinity of an electrical transmission line being upgraded. The line traversed the rear of plaintiff's

lot. Plaintiff commenced this action for damages alleging that defendants had no legal right to enter upon his property. The original transmission line was constructed in 1963 and thereafter maintained pursuant to an easement document signed by John Stuart acting for B. G. Nemeroff. Nemeroff resided on the property and was president of The Dells, Inc., the corporation which owned the property and subsequently conveyed it to plaintiff in 1978. The electrical service to the residence was provided by the line.

The easement document was not recorded, and defendants have not produced a written authorization enabling Stuart to sign as the corporate agent on behalf of Nemeroff. Plaintiff seeks to establish that the easement grant was void for lack of proof of a proper written authorization. Defendant Asplundh Tree Expert Company moved for an order granting a motion in limine to preclude plaintiff from challenging the validity of the 1963 easement. Supreme Court found that the easement, despite any infirmities in the document, was enforceable against The Dells, Inc., as grantor, and purchasers with notice based upon the equities resulting from the writing and the improvements made in reliance thereon. Finding that this issue was not in dispute, Supreme Court granted the motion. Plaintiff appeals. We affirm.

The circumstances here are no different than those in *Historic Estates v United Paper Bd. Co.* (260 App Div 344, 346-347, *affd* 285 NY 658) where similar documents and acts created an easement. The grant of an easement by an instrument which cannot be recorded because it lacks certain formal requisites is effective and enforceable when, as here, established by possession and improvement *(see, Arvay v New York Tel. Co.,* 79 AD2d 980; *Keinz v Niagara Mohawk Power Corp.,* 41 AD2d 431, 433-434; *Fordham Operating Corp. v County of Westchester,* 82 Misc 2d 566, 573, *affd* 51 AD2d 1014). "The imperfect deed might be disregarded, but not the equities behind it" *(Wallace v Hosley,* 65 AD2d 851, 852; *see, Pau v Bellavia,* 145 AD2d 609, 610). Supreme Court properly focused the action on the contested issue* of whether plaintiff had sufficient actual or constructive notice of the use and interest of defendant Orange and Rockland Utilities, Inc. to put him to further inquiry and to charge him with notice of the agreement that such inquiry would have revealed *(see, Carr v Town of Flemming,* 122 AD2d 540, 541; *Pallone v New York Tel. Co.,* 34 AD2d 1091, *affd* 30 NY2d 865; *Historic Estates v United*

---

* Also at issue is whether defendants exceeded the scope of the easement.

*Paper Bd. Co., supra,* at 348; *Sanzone v Niagara Mohawk Power Corp.,* 36 Misc 2d 279, 283, *affd* 19 AD2d 861, *lv denied* 13 NY2d 601; *see also, Loretto v Teleprompter Manhattan CATV Corp.,* 53 NY2d 124, 135, *revd on other grounds* 458 US 419).

Plaintiff's remaining contentions that the 1963 grant does not locate the easement with reasonable certainty and that Supreme Court's grant of Asplundh's motion in limine was inconsistent with its prior denial of defendants' cross motions for summary judgment are without merit.

Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.