■ WILLIAM H. ANAGNOS et al., Appellants-Respondents, v GARY M. HANGAC et al., Respondents-Appellants. [715 NYS2d 439] —In an action, *inter alia*, for a declaration that the plaintiffs are entitled to an easement across the defendants' property, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated September 13, 1999, as declared that they did not have a general right of ingress and egress across the defendants' property, and the defendants cross-appeal from so much of the same judgment as, upon an order of the same court dated July 7, 1999, granting that branch of the plaintiffs' motion which was for summary judgment on their first cause of action, declared that the plaintiffs have a right to a "farm crossing."

Ordered that the appeal by the plaintiffs is dismissed; and it is further,

Ordered that the judgment is reversed insofar as reviewed, by deleting the provision thereof declaring that the plaintiffs have a right to a farm crossing and substituting therefor a provision declaring that the plaintiffs do not have a right to a farm crossing; and it is further,

Ordered that the defendants are awarded one bill of costs.

By order dated July 7, 1999, the Supreme Court, *inter alia*, determined that the plaintiffs do not have a general right of ingress and egress across the defendants' property. The plaintiffs' appeal from that order was dismissed for failure to timely perfect. The dismissal of that appeal precludes review of the issues raised by the plaintiffs on their appeal from the judgment (*see, Bray v Cox*, 38 NY2d 350).

The Supreme Court erred in its determination that the plaintiffs had the right to a farm crossing (*see,* Railroad Law § 52) across the defendants' property. The option to demand construction of a farm crossing was never exercised (*see,* Railroad Law § 52). In addition, the plaintiffs' deed to the dominant parcel does not mention a right to a farm crossing, and the property, which was not landlocked, was never developed for agricultural or industrial purposes (*see,* Railroad Law § 52; *Walker v State of New York*, 33 NY2d 450; *Syracuse Ready-Mix Concrete Co. v State of New York*, 43 AD2d 800). Mangano, P. J., Ritter, S. Miller and H. Miller, JJ., concur.