■ PAMELA TARRANT, Plaintiff, v CITY OF SCHENECTADY et al., Respondents, and JOHN LEWIS, Appellant. [718 NYS2d 895] —Lahtinen, J. Appeals (1) from an order of the Supreme Court (Lynch, J.), entered October 5, 1999 in Schenectady County, which denied defendant John Lewis' motion to direct defendant City of Schenectady to defend him in this action, and (2) from an order of said court, entered February 7, 2000 in Schenectady County, which denied Lewis' motion for reconsideration.

Plaintiff, an African American, commenced this action against defendants claiming a violation of her civil rights and

other causes of action stemming from a remark allegedly made by defendant John Lewis, an officer of defendant Schenectady Police Department, as he was driving into the Department garage at which time she alleges that he looked at her and shouted, "What's up nigger?" The Police Department, along with defendants Chief of Police and the City of Schenectady (hereinafter collectively referred to as the City defendants), answered the complaint. Lewis sought unsuccessfully to have the City provide him a defense. Lewis then moved for an order compelling the City to provide him a defense pursuant to General Municipal Law § 50-j (1) and the applicable provisions of the collective bargaining agreement (hereinafter CBA) between the City and Lewis' union. The City opposed the motion by citing Lewis' misconduct, arguing that he was not acting within the scope of his employment at the time of the incident complained of and that he was no longer an employee of the City covered by the CBA when this action was commenced.

Without addressing the merits, Supreme Court denied Lewis' motion finding that he "was a defaulting party seeking affirmative relief" and that because of his default status in this proceeding, he was required by the CBA to commence a timely CPLR article 78 proceeding to challenge the City's decision not to provide him a defense. Lewis moved to reconsider his motion on the basis that he was never in default, having received extensions of time to answer the complaint, and that he was a City employee, having been reinstated to his position as a police officer through the contract grievance process after the initial motion was submitted. Supreme Court also denied this motion and Lewis appeals from both rulings.

Supreme Court's decision denying Lewis' original motion was based on its finding that Lewis was in default in the underlying proceeding and does not address the substantive issues raised by either party. However, our review reveals nothing in the record permitting Supreme Court to conclude that Lewis was a defaulting party. Plaintiff, a nonparticipant in the present motion, certainly did not move for a default judgment and the City defendants did not raise that issue in defense of Lewis' motion. Supreme Court's finding that "[i]t appears from the submissions, including the movant's own [a]ffidavit, that he is in default with regard to the underlying action" is a *sua sponte* determination of Lewis' default status which was not authorized in this situation (*see, e.g., Soggs v Crocco*, 184 AD2d 1021; *see also, Sena v Nationwide Mut. Fire Ins. Co.*, 198 AD2d 345, 346; *cf.,* CPLR 3215 [c]) and cannot support Supreme Court's decision.

Turning briefly to Lewis' motion for reconsideration, this motion is based on the ground that Supreme Court made a mistake of fact and law in its original determination which requires us to treat it as a motion to reargue (*see*, *Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783). In deciding the reargument motion it appears that Supreme Court did not simply deny reargument but granted reargument, addressed the merits of Lewis' claim and adhered to its prior determination. As this determination is appealable as of right to this Court (*see*, *Corey v Gorick Constr. Co.*, 271 AD2d 911, 912), we may consider Lewis' submissions on the motion to reargue and note that they provide further support for our conclusion that the record cannot support the dismissal of Lewis' original motion on the ground that it was not properly brought because he was in default in pleading.

As Supreme Court did not address the merits of Lewis' original motion, this matter should be remitted to that court for that purpose.

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the orders are reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.