■ Thomas Santorelli, Appellant, v Apple & Eve, L.P., et al., Respondents, et al., Defendants. [736 NYS2d 262] —In an action, inter alia, to recover damages for personal injuries arising from strict products liability, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 12, 2001, as denied his cross motion to strike the respective answers of the defendants Apple & Eve, L.P., and Johanna Foods, Inc., based on their alleged spoliation of evidence.

Ordered that the appeal from so much of the order as denied that branch of the cross motion which was to strike the answer of the defendant Johanna Foods, Inc., is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendant Apple & Eve, L.P., is awarded one bill of costs.

Contrary to the plaintiff's contention, the Supreme Court

properly denied that branch of his cross motion which was to strike the answer of the defendant Apple & Eve, L.P., based on its alleged spoliation of evidence, as nothing in the record demonstrates that this defendant destroyed evidence which it knew might be needed for future litigation (*see, Abenante v Star Gas Corp.,* 278 AD2d 438; *Gallo v Bay Ridge Lincoln Mercury,* 262 AD2d 450; *Popfinger v Terminix Intl. Co. Ltd. Partnership,* 251 AD2d 564).

The plaintiff's appeal from so much of the order as denied that branch of its motion which was to strike the answer of the defendant Johanna Foods, Inc., must be dismissed as academic, as this Court previously determined that Johanna Foods, Inc., was entitled to summary judgment dismissing the complaint insofar as asserted against it (*see, Santorelli v Apple & Eve,* 282 AD2d 731). Altman, J.P., Adams, Townes and Prudenti, JJ., concur.