■ DEB IRELAND, Appellant, v MARVIN L. WILENZIK, Individually and as Partner in ELLIOTT REIHNEL SIEDZIKOWSKI & EGAN P.C., et al., Respondents, et al., Defendant. [745 NYS2d 316] —Lahtinen, J. Appeals (1) from an order of the Supreme Court (Kane, J.), entered March 20, 2001 in Sullivan County, which denied plaintiff's motion for reconsideration and held her in contempt, (2) from an order of said court, entered September 26, 2001 in Sullivan County, which granted certain defendants'

motion for an award of sanctions, and (3) from an order of said court, entered January 24, 2002, which denied plaintiff's motion for renewal and reconsideration.

The marriage relationship of plaintiff and Munro Kagno was terminated by a 1978 Pennsylvania divorce decree. Kagno's subsequent efforts to enforce the decree, which contained a property settlement agreement, resulted in an escrow agreement funded by proceeds from the sale of plaintiff's home,[1] and named defendant Marvin L. Wilenzik, Kagno's then attorney, and plaintiff's matrimonial attorney as co-escrow agents.

In 1999, plaintiff commenced an action against Kagno in New York and moved to add Wilenzik as a party defendant therein, alleging that Wilenzik had breached his fiduciary duty to her as escrow agent under the Pennsylvania escrow agreement. Supreme Court denied the motion, determining that it had no subject matter jurisdiction or personal jurisdiction over Wilenzik. In March 2000, plaintiff commenced the instant action which alleges, as pertinent to this appeal, that defendants, together with Kagno, conspired to deplete the escrow funds by various means, and that Wilenzik had defamed her in a letter written to the Supreme Court Justice assigned to plaintiff's 1999 action. Wilenzik and defendant Elliott Reihnel Siedzikowski & Egan P.C. (hereinafter collectively referred to as the Wilenzik defendants) and defendant Joseph J. Greenberg,[2] served separate preanswer motions to dismiss the complaint. By decision and order entered September 7, 2000, Supreme Court granted both motions, determining that it lacked personal jurisdiction over the Wilenzik defendants, that the defamation cause of action lacked merit, that it lacked subject matter jurisdiction over the escrow agreement and account and that Supreme Court's decision in the 1999 case collaterally estopped plaintiff from litigating those previously decided issues in the context of this action. Supreme Court also sanctioned plaintiff, directing that she pay costs and counsel fees of $2,500 to the Wilenzik defendants and costs and counsel fees to counsel for Greenberg for this "clearly unmeritorious" matter. Plaintiff appealed and, on motion of the Wilenzik defendants, this Court, on February 20, 2001, dismissed that appeal as untimely, precluding any further review of Supreme Court's September 2000 order (*see, e.g., Bray v Cox*, 38 NY2d 350; *Anagnos v Hangac*, 277 AD2d 189).

---

**1.** Plaintiff was deeded Kagno's interest in this property pursuant to the property settlement agreement.

**2.** Greenberg is the New York City Assistant Corporation Counsel who prosecuted the child support cases brought in New York City arising from the 1978 Pennsylvania divorce decree.

During the pendency of that appeal, however, plaintiff moved for reconsideration and vacatur of the September 2000 decision and order and Wilenzik cross-moved for an order of contempt based on plaintiff's failure to pay the previously imposed sanctions.[3] Supreme Court deemed plaintiff's motion to be one for reargument, determined that it was untimely and, by its March 2001 order, denied the motion. On the cross motion, Supreme Court did find plaintiff guilty of contempt for her failure to pay the previously imposed sanctions, directed her to pay an additional $250 per day until the sanctions were paid and permitted her to purge the contempt by paying the original sanctions within 10 days. Plaintiff appeals from the March 2001 order.

With respect to that portion of the March 2001 order that dismissed plaintiff's motion, we agree with Supreme Court that the motion was one for reargument (*see,* CPLR 2221 [d] [2]; *Spa Realty Assoc. v Springs Assoc.,* 213 AD2d 781, 783)[4] and, because it was filed on December 5, 2000, was untimely made, requiring its denial (*see,* CPLR 2221 [d] [3]; *Matter of Pearson v Goord,* 290 AD2d 910, 910). Since the denial of a motion to reargue is not appealable (*see, Matter of Pravda v New York State Dept. of Motor Vehs.,* 286 AD2d 838; *Matter of Dearstyne v Rensselaer County Dist. Attorney,* 262 AD2d 723, *appeal dismissed* 93 NY2d 1036), that portion of plaintiff's appeal which sought review of the denial of her motion for reargument must be dismissed. Notwithstanding plaintiff's arguments to the contrary, Supreme Court's decision flatly denied reargument and is distinguishable from those cases, including those cited by plaintiff, that granted reargument, discussed the merits and then adhered to the court's original determination, rendering such decision and orders appealable as of right (*see, e.g., Tarrant v City of Schenectady,* 279 AD2d 870, 872; *compare, Corey v Gorick Constr. Co.,* 271 AD2d 911, 912; *Besicorp Group v Enowitz,* 268 AD2d 846, 847-848).

With respect to plaintiff's appeal from that portion of the March 2001 order that found her guilty of contempt, it must be dismissed as academic. Supreme Court, by a decision and order dated June 25, 2001, "vacate[d] that portion of the Court's prior Decisions and Orders imposing sanctions in the form of

---

3. Greenberg made a similar cross motion which was rejected as untimely.

4. We reject plaintiff's argument that her motion was a motion to renew. We do not find her purported new facts to be such, nor did she offer a justifiable excuse for not proffering the "new" facts which existed at the time of the initial motion in that motion (*see, Lamphron v State of New York Thruway Auth.,* 239 AD2d 860, 861; *Wagman v Village of Catskill,* 213 AD2d 775, 775-776).

costs and attorneys' fees," which explicitly vacated the prior contempt finding based on plaintiff's failure to pay the now vacated sanctions, and she was no longer an aggrieved party entitled to appeal[5] (*see*, CPLR 5511; *see, e.g.*, *Citicorp Mtge. v Strong*, 227 AD2d 818, 820).

In the June 2001 order vacating the previously imposed sanctions, Supreme Court determined that while plaintiff's conduct was frivolous and properly sanctionable, it had imposed the sanctions without supporting affidavits specifying the counsel fees and expenses actually incurred as required by 22 NYCRR 130-1.1 (a). The court then directed the submission of additional affidavits and, in an order entered September 26, 2001, awarded the Wilenzik defendants $6,267.20 in costs and counsel fees. Plaintiff appeals from the September 2001 order and we affirm.

Supreme Court determined that plaintiff engaged in frivolous conduct (*see*, 22 NYCRR 130-1.1 [c]) by "persistent attempts to pursue unmeritorious litigation" and detailed its reasoning and the method by which it calculated the costs and counsel fees imposed. Notably, Supreme Court first vacated the initial sanctions, required the submission of new affidavits regarding counsel fees, and only then awarded reasonable counsel fees and costs, which were far less than the fees and costs requested, an exercise which hardly can be said to amount to an abuse of discretion (*see*, *McCue v McCue*, 225 AD2d 975).

Finally, we affirm Supreme Court's order entered January 24, 2002 denying plaintiff's application for renewal and reconsideration of the motion which culminated in the September 2001 order. Upon a review of the record, we agree with Supreme Court that plaintiff's motion is without any merit (*see*, *Wagman v Village of Catskill*, 213 AD2d 775, 775-776).

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the appeal from the order entered March 20, 2001 is dismissed, without costs. Ordered that the orders entered September 26, 2001 and January 24, 2002 are affirmed, without costs.

---

5. Neither party appealed from the June 25, 2001 decision and order.