██ EUGENE F. WESTRICK, Appellant, v COUNTY OF STEUBEN, Respondent. (Appeal No. 1.) [765 NYS2d 86] —Appeal from an order of Supreme Court, Steuben County (Latham, J.), entered September 11, 2002, which granted defendant's motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when a limb fell from a tree and struck him while he was walking on a sidewalk adjacent to defendant's property. Both the tree and sidewalk where plaintiff was walking were located on property owned by the Village of Bath but the branches extended over property owned by defendant. With respect to the order in appeal No. 1, we conclude that Supreme Court properly granted defendant's motion seeking summary judgment dismissing the complaint. Even assuming, arguendo, that the duty of defendant to maintain its property in a reasonably safe condition extends to the overhanging branches of a tree on adjacent property (*see generally Harris v Village of E. Hills,* 41 NY2d 446, 448-449 [1977]), we nevertheless reject plaintiff's contention that defendant may be held liable where, as here, neither plaintiff, nor the tree from which the limb fell, were on defendant's property. Defendant's duty does not extend to ensuring that property adjacent to defendant's own property is maintained in a reasonably safe condition.

In appeal No. 2, plaintiff appeals from a subsequent order denying his "motion to renew/reargue" with respect to the order in appeal No. 1. In support thereof, plaintiff contended that the court misinterpreted *Harris* and failed to consider his cross

motion seeking partial summary judgment on liability based upon spoliation of evidence. Although the cross motion was not properly before the court when it considered defendant's motion, inasmuch as it was incorrectly captioned, the spoliation issue was thoroughly addressed in the affidavit of plaintiff's attorney submitted in opposition to defendant's summary judgment motion and plaintiff's attorney requested partial summary judgment on the basis of spoliation in that affidavit. Because the "motion to renew/reargue" did not raise any new question of law or fact, "we conclude that the motion was in actuality a motion for reargument, and plaintiff's appeal from the order in appeal No. 2 denying that motion therefore must be dismissed" (*Carpenter v Browning-Ferris Indus.*, 307 AD2d 713, 715; *see Empire Ins. Co. v Food City*, 167 AD2d 983, 984 [1990]). Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Hayes, JJ.