Carpinello, J.
Appeal from an order of the Supreme Court (Kavanagh, J.), entered May 21, 2002 in Ulster County, which granted defendant’s motion to strike plaintiffs claim of injury to his cervical spine.
In this automobile accident case, plaintiff claims to have suffered serious personal injuries as a result of a January 2000 two-car collision. Specifically, he alleges that the accident caused bulging discs and related trauma to his cervical spine and injuries to his right shoulder. As a part of discovery, defendant required that plaintiff submit to an independent medical exami *732 nation. A consequent review of plaintiff’s medical records reflected that he had fallen at work in 1995, sustaining an injury to his neck and back. Since that time, he treated regularly with his own physician for complaints of chronic neck and right shoulder pain.
Discovery also revealed that during the course of continuing treatment for these preaccident injuries, plaintiff had undergone an MRI of his cervical spine in May 1999. Defendant’s physician requested that the MRI be produced so that he could render a complete opinion as to whether plaintiff had suffered any injuries as a result of the accident that are distinguishable from his preexisting condition. Although the MRI film was apparently given to plaintiff by the imaging facility on March 15, 2000, he was unable to produce it when requested. This prompted defendant to seek summary dismissal of all claims relating to plaintiffs cervical spine. Supreme Court found that the prejudice to defendant caused by plaintiffs inability to produce the MRI film was substantial and granted the application. Plaintiff appeals, and we now affirm.
Unlike Bigelow v Dick’s Sporting Goods (1 AD3d 777 [2003] [decided herewith]), where an allegedly defective bicycle chain was lost after being left at the scene of an accident, plaintiff can be charged with knowledge of the importance of preserving his MRI films at the time he obtained them in March 2000, two months after the accident for which he now sues. Furthermore, given the strong similarity between plaintiff’s injuries as sustained in the 1995 fall and those allegedly caused by the subject accident, we cannot say that Supreme Court abused its discretion by limiting plaintiff’s claims as it did, particularly since the missing MRI was critical to the core issue of whether plaintiff suffered any aggravation of his preexisting injuries (see Kirkland v New York City Hous. Auth., 236 AD2d 170, 175-176 [1997]; compare Jones v General Motors Corp., 287 AD2d 757, 760-761 [2001]). Finally, to the extent that the record on appeal incorporates papers from a motion to reargue, we have not considered same as they are not properly before us (see Ireland v Wilenzik, 296 AD2d 771, 773 [2002]).
Crew III, J.R, Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.