■ PRECISION ELECTRO MINERALS CO., INC., Appellant, v DRYDEN MUTUAL INSURANCE Co., Respondent, et al., Defendants. (Appeal No. 1.) [772 NYS2d 436]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered December 12, 2002. The judgment, inter alia, granted the motion of defendant Dryden Mutual Insurance Co. for summary judgment and rendered a declaratory judgment in its favor.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the provision dismissing the amended complaint against defendant Dryden Mutual Insurance Co. and as modified the judgment is affirmed without costs.

Memorandum: In appeal No. 1, plaintiff appeals from a judgment granting the motion of defendant Dryden Mutual Insurance Co. (Dryden) for summary judgment declaring that Dryden is not obligated to defend or indemnify plaintiff in the underlying action, denying plaintiff's cross motion for summary judgment against Dryden, and dismissing the amended complaint

against Dryden. Supreme Court erred in dismissing the amended complaint against Dryden in this declaratory judgment action, and thus we modify the judgment accordingly (*see Boyd v Allstate Life Ins. Co. of N.Y.,* 267 AD2d 1038, 1039 [1999]). We otherwise conclude, however, that the court properly granted judgment in favor of Dryden because plaintiff's delay in providing Dryden with notice of the claim under the insurance policy was unreasonable as a matter of law (*see Can-Am Roofing v American States Ins. Co.,* 229 AD2d 973, 974 [1996], citing *Deso v London & Lancashire Indem. Co. of Am.,* 3 NY2d 127, 130 [1957]). Dryden established that the accident from which the underlying action arose occurred on plaintiff's premises on May 25, 1995; that plaintiff's president was aware in June 1995 that there was an investigation of the accident; and that, in October 1995, plaintiff's president met with an investigator from the Attorney General's office regarding a notice of claim that had been served upon the State of New York with respect to the underlying accident. Dryden further established that plaintiff did not inform Dryden of the accident until August 1998, more than three years after the accident. Here, "the mere possibility of a claim should have alerted plaintiff to the necessity of promptly informing its insurance carrier of the [accident]" (*Heydt Contr. Corp. v American Home Assur. Co.,* 146 AD2d 497, 499 [1989], *lv dismissed* 74 NY2d 651 [1989]).

We conclude in appeal No. 2 that the court properly denied plaintiff's motion for leave to renew. The alleged "new" facts submitted in support of the motion for leave to renew were contained in a letter that was attached as an exhibit to Dryden's original motion papers, and thus plaintiff failed to establish that the alleged "new" facts were unavailable at the time of the original motion and cross motion (*see Nelson v RPH Constr. Corp.,* 278 AD2d 465 [2000]). Present—Pigott, Jr., P.J., Green, Pine, Gorski and Lawton, JJ.