■ ELEANOR MURPHY, Appellant, v CHARLES P. HOLZINGER, Doing Business as THE DISCOUNT TENT RENTER, Respondent, et al., Defendant. (Appeal No. 1.) [775 NYS2d 646]—

Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered March 11, 2003. The judgment was entered upon a jury verdict in favor of defendant Charles P. Holzinger, doing business as The Discount Tent Renter.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in part, the verdict with respect to defendant Charles P. Holzinger, doing business as The Discount Tent Renter, is set aside and a new trial is granted.

Memorandum: Plaintiff appeals from judgments entered upon a jury verdict in favor of defendants. Plaintiff commenced this action seeking damages for injuries she sustained on July 4, 1999, when she was struck by a pole from a tent under which she was sitting during a wedding reception at the home of defendant Robert F. Ruggles. The tent had been installed the previous day by defendant Charles P. Holzinger, doing business as The Discount Tent Renter. The night before the reception, however, a thunderstorm dislodged several poles from the tent. The poles were discovered on the ground that morning and were re-installed by Ruggles prior to plaintiff's injury. The jury found that, although defendants were both negligent, their negligence was not a substantial factor in causing plaintiff's injuries.

We agree with plaintiff that Supreme Court erred in denying her motion to set aside the verdict as against the weight of the evidence. The jury's finding that defendants' negligence was not a substantial factor in causing plaintiff's injuries is not supported by any fair interpretation of the evidence (see Bendersky v M & O Enters. Corp., 299 AD2d 434, 435 [2002]; Brecht v Copper Sands, 237 AD2d 907 [1997]). Under the circumstances, the issues of negligence and proximate cause are so "inextricably interwoven" that the jury's finding of negligence cannot be

reconciled with the jury's finding of no proximate cause (*Mascia v Olivia*, 299 AD2d 883, 883 [2002]). Also, contrary to the court's determination, the jury's findings cannot be reconciled on the basis of the testimony of Ruggles' examining physician who acknowledged that, at the very least, being struck by the pole caused plaintiff to suffer a temporary aggravation of the degenerative disease in her cervical spine (*cf. Harris v Armstrong*, 64 NY2d 700, 702 [1984]; *Rosas v Ishack*, 219 AD2d 633, 634 [1995]; *Rubin v Pecoraro*, 141 AD2d 525, 526 [1988]). We therefore reverse the judgments and grant a new trial. Present—Green, J.P., Pine, Scudder, Gorski and Hayes, JJ.