Diana Serrano, Appellant, v Krishnakumar Rajamani, M.D., et al., Respondents. (Appeal No. 1.) [775 NYS2d 921]—

Appeal from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered May 16, 2003. The order denied plaintiff's motion and granted defendants' cross motion for a protective order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this medical malpractice action, plaintiff served a second notice for discovery and inspection seeking, inter alia, journal articles and medical texts that Krishnakumar Rajamani, M.D. (defendant) reviewed or relied upon in treating plaintiff and/or in preparing for his deposition. After receiving defendants' response to that notice and finding it unsatisfactory, plaintiff moved to compel defendants to provide the requested material or, in the event that the material had been intentionally destroyed, to strike their answer. With respect to the order in appeal No. 1, Supreme Court properly denied plaintiff's motion and properly granted defendants' cross motion for a protective order. Defendants established that the journal articles and medical texts that defendant reviewed in the course of treating plaintiff were no longer available. Contrary to plaintiff's contention, the loss or destruction of those materials did not constitute spoliation of evidence because defendant did not know that the materials might be needed for future litigation (*see Santorelli v Apple & Eve,* 290 AD2d 499, 500 [2002]). With respect to those journal articles that defendant obtained through a computer search and provided to his attorney after commencement of this action, defendants established that those articles are privileged. Contrary to plaintiff's further contention, defendants established that defendant did not review those articles in preparation for his deposition, and thus defendants were not required to provide them to plaintiff (*see generally McDonough v Pinsley,* 239 AD2d 109 [1997]; *Stern v Aetna Cas. & Sur. Co.,* 159 AD2d 1013, 1013-1014 [1990]).

With respect to the order in appeal No. 2, because plaintiff failed to show that the purported "new" material was not in existence or was unavailable at the time of the initial motion, the court properly construed plaintiff's motion as one for leave to reargue only (*see Precision Electro Mins. Co. v Dryden Mut. Ins. Co.*, 4 AD3d 823 [2004]; *Boreanaz v Facer-Kreidler,* 2 AD3d 1481, 1482; *Computerized Med. Imaging Equip. v Diasonics Ultrasound,* 303 AD2d 962, 964-965 [2003]; *Shouse v Lyons,* 265 AD2d 901, 902 [1999]; *see generally* CPLR 2221 [e] [2]). Because the motion was one for leave to reargue and the court denied it, that part of the order denying plaintiff's motion is not appealable (*see Westrick v County of Steuben,* 309 AD2d 1246, 1247 [2003]; *Empire Ins. Co. v Food City,* 167 AD2d 983, 984 [1990]). We reject plaintiff's contention that the court actually granted leave to reargue, considered the merits, and then denied the motion (*cf. Tarrant v City of Schenectady,* 279 AD2d 870, 872 [2001]; *Corey v Gorick Constr. Co.,* 271 AD2d 911, 912 [2000]). The court considered the motion for leave to reargue only to the extent of concluding that it was entirely groundless and frivolous; it did not reexamine the facts or the issues in the case. In any event, the purported new material would not have changed the determination on the prior motion (*see Boreanaz,* 2 AD3d at 1482). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.