■ RONALD R. VILLANI et al., Appellants, v PHILIP J. BEAMER, Respondent. (Appeal No. 1.) [782 NYS2d 237]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered August 29, 2003. The judgment was entered, upon a jury verdict, finding that defendant was negligent but that such negligence was not a substantial factor in causing the accident, awarded judgment in favor of defendant and against plaintiffs in the amount of $700.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Ronald R. Villani (plaintiff), a constable for the Town of Wheatfield, when he was thrown from his all-terrain vehicle while attempting to apprehend defendant, a criminal suspect on a dirt bike. Prior to trial, Supreme Court granted defendant's cross motion for partial summary judgment dismissing the cause of action pursuant to General Municipal Law § 205-e on the ground that plaintiff, a peace officer and not a police officer, was not entitled to the protection of the statute. The matter proceeded to trial on liability on the cause of action for common-law negligence and the derivative cause of action. The jury returned a verdict finding that defendant was negligent but that his negligence was not a substantial factor in causing the accident.

We conclude that the court properly denied plaintiffs' motion to set aside the verdict as inconsistent and against the weight of the evidence. The issues of negligence and proximate cause in this case were not so "inextricably interwoven" as to render it logically impossible and thus inconsistent for the jury to have found negligence without also finding proximate cause (*Loder v Greco,* 5 AD3d 978, 979 [2004] [internal quotation marks omitted]; *see generally Murphy v Holzinger,* 6 AD3d 1072 [2004]; *Johnson v Schrader* [appeal No. 2], 299 AD2d 815 [2002]; *Rubin v Pecoraro,* 141 AD2d 525, 527 [1988]). Further, the evidence on the issue of causation does not so preponderate in favor of plaintiffs that the verdict could not have been reached on any fair interpretation of the evidence (*see Skowronski v Mordino,* 4 AD3d 782, 782-783 [2004]; *see generally Tanner v Tundo,* 309 AD2d 1244 [2003]). Plaintiffs further contend that reversal is required based on the court's charge with respect to the issue of causation. We reject that contention. Any error in the court's charge on causation was not so prejudicial to plaintiffs as to require reversal.

We reject the contention of plaintiffs that the court erred in denying their motion for leave to renew their prior motion for partial summary judgment on the cause of action under General Municipal Law § 205-e and their opposition to defendant's prior cross motion for partial summary judgment dismissing that cause of action. Plaintiffs failed to establish that the purported new material was not in existence or was unavailable at the time of the prior motion and cross motion and thus failed to proffer a valid excuse for failing to submit the material at that time (*see Precision Electro Mins. Co. v Dryden Mut. Ins. Co.,* 4

AD3d 823, 824 [2004]; *Boreanaz v Facer-Kreidler,* 2 AD3d 1481, 1482 [2003]; *Computerized Med. Imaging Equip. v Diasonics Ultrasound,* 303 AD2d 962, 964-965 [2003]). Present—Green, J.P., Kehoe, Martoche and Hayes, JJ.