YOLANDA BULLARD, Appellant, v PFOHL'S TAVERN, INC., et al., Respondents. [784 NYS2d 265]—

Appeal from an order of the Supreme Court, Onondaga County (Robert J. Nicholson, J.), entered October 27, 2003. The order granted the motion of defendants for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied in part and the complaint is reinstated in part in accordance with the following memorandum: Plaintiff commenced the instant action seeking damages

for injuries that she alleges she sustained when she slipped and fell on ice on the sidewalk outside of the premises owned by defendant Pfohl's Tavern, Inc. and operated by that defendant's principal, defendant Mark Ellis. Although defendants met their initial burden of establishing their entitlement to judgment as a matter of law, we conclude that Supreme Court erred in granting in its entirety their motion seeking summary judgment dismissing the complaint inasmuch as plaintiff raised an issue of fact whether defendants had constructive notice of the icy conditions that had formed (*see generally Pugliese v Utica Natl. Ins. Group,* 295 AD2d 992, 992-993 [2002]). Defendants submitted the affidavit of an employee, stating that at 8:00 A.M., when he opened the establishment, there was no snow or ice on the sidewalk and that, although there was "a light mist in the air," the temperature was above freezing. The employee admitted that when he went outside at the time of plaintiff's fall, approximately 3½ hours later, the temperature had dropped sharply and the sidewalk was "becoming slippery." "[W]hen 'weather conditions cause property to become dangerous by reason of the accumulation of ice, the law affords the landowner a reasonable time after the . . . temperature fluctuation which caused the hazardous condition to take corrective action' " (*Lee v Equitable Life Assur. Socy. of U.S.,* 237 AD2d 835, 835 [1997]). Plaintiff submitted the affidavit of a professional meteorologist stating that, because of the precipitation overnight and the falling temperatures in the early morning, ice and black ice would have formed in the area of the accident between 8:30 A.M. and 8:45 A.M. We therefore conclude that plaintiff raised an issue of fact "whether the condition was visible and apparent and had existed for a sufficient length of time before plaintiff's accident to permit defendant[s] to discover and remedy it" (*Merrill v Falleti Motors,* 8 AD3d 1055, 1056 [2004]; *see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *see generally Hesson v Coppola,* 302 AD2d 857 [2003]). Plaintiff abandoned her contention that defendants had actual notice of the dangerous condition by failing to include that contention in her brief (*see Ciesinski v Town of Aurora,* 202 AD2d 984 [1994]). We have reviewed plaintiff's remaining contention and conclude that it is without merit. We therefore reverse the order, deny the motion in part and reinstate the complaint insofar as it alleges that defendants had constructive notice of the icy condition and failed to remedy it. Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.