MARYANNE SZYMANSKI, as Administratrix of the Estate of ROBERT D. SZYMANSKI, Deceased, Appellant, v MICHAEL P. HOLENSTEIN et al., Respondents. (Appeal No. 1.) [790 NYS2d 346]—

Appeal from a judgment of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered November 25, 2003. The judgment was entered in favor of defendants, upon a jury verdict, in a wrongful death action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, the verdict is set aside and a new trial is granted.

Memorandum: Plaintiff appeals from a judgment entered in favor of defendants. The jury rendered a verdict finding that Michael P. Holenstein (defendant) was negligent, but that his negligence was not a substantial factor in causing the injuries and death of plaintiff's decedent. Plaintiff's decedent was employed by the New York State Thruway Authority as a toll collector and was attempting to cross the lanes of traffic at the toll booths following the end of his shift. Defendant was driving

a 25-foot flatbed truck owned by his employer, defendant United Rentals (North America), Inc., and the truck was stopped at a toll booth. Plaintiff's decedent waited to cross the lane where defendant's truck was located. Defendant and plaintiff's decedent made eye contact, and defendant motioned to plaintiff's decedent to cross the lane. Defendant then turned his attention to the toll collector in the toll booth and did not observe that plaintiff's decedent had dropped some toll tickets and was crouched in front of the cab of defendant's truck in order to pick them up. Plaintiff's decedent was not visible from the cab of the truck. When defendant proceeded forward, plaintiff's decedent was caught under the front passenger tire of the truck and was pushed forward approximately 10 to 15 feet before defendant was aware that the truck had struck him.

We agree with plaintiff that Supreme Court erred in denying her motion to set aside the verdict as against the weight of the evidence. "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Skowronski v Mordino*, 4 AD3d 782, 783 [2004] [internal quotation marks omitted]). We conclude under the facts of this case that the jury's "finding of negligence cannot be reconciled with the jury's finding of no proximate cause" (*Murphy v Holzinger*, 6 AD3d 1072, 1072-1073 [2004]; *see Johnson v Schrader* [appeal No. 2], 299 AD2d 815, 816 [2002]; *cf. Villani v Beamer*, 11 AD3d 918 [2004]; *Skowronski*, 4 AD3d at 783). We therefore reverse the judgment, grant plaintiff's motion, set aside the verdict and grant a new trial. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.