■ FELICIA HELTON, Appellant, et al., Plaintiff, v BRADLEY G. HIRSCHMAN et al., Respondents. [794 NYS2d 162]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered December 3, 2003. The order and judgment, among other things, denied the motion of plaintiff Felicia Helton for a new trial and/or judgment notwithstanding the verdict.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is reversed on the law without costs, the posttrial motion is granted and a new trial is granted.

Memorandum: Felicia Helton (plaintiff) was injured while on duty as a City of Buffalo police officer at a construction site at which there was union picketing and protest. Plaintiff was attempting to hold protesters back to allow a convoy of vehicles to enter the construction site when she was struck by the driver's side mirror of a vehicle driven by defendant Bradley G. Hirschman, an employee of defendant Donald Braasch Construction Co., Inc. Defendant Kenaidan Construction Corp. was the general contractor at the construction site.

In their answers, defendants raised as an affirmative defense the culpable conduct of others. Plaintiff served a demand for a bill of particulars on all defendants requesting that they particularize "whether it will be claimed any other persons caused, continued and/or contributed to [p]laintiff's injuries or damages." The demand further asked for a particularization of all such persons, including names, addresses and the time and location of each person's acts or omissions and the manner in which the acts or omissions occurred. None of the defendants responded to that demand. Although plaintiff did not move to compel disclosure or for an order to strike the affirmative defense until the eve of trial (cf. Ryan v Beavers, 170 AD2d 1045, 1046 [1991]), Supreme Court considered the motion and held that it was not "going to allow apportionment in the trial." It is not clear whether that determination referred only to a pending third-party action.

At trial, plaintiff testified that she had her back to a large crowd that she described as "five people deep" and was attempting to hold the protesters back as the vehicles entered the site. She further testified that two vehicles in the convoy passed without incident when she heard "a roaring sound . . . like someone accelerating" and was struck by the mirror of

Hirschman's vehicle. At the close of proof, the court conducted a charge conference off the record and, following that conference, the parties were provided with a verdict sheet that contained two questions regarding the negligence of the "protesters." Plaintiff objected to that part of the verdict sheet. The verdict sheet asked the jury to decide "Were the protesters negligent in pushing [plaintiff]?" and "Was the protesters' negligence in pushing [plaintiff] a substantial factor in causing plaintiff's injuries?" The jury answered yes to both questions and apportioned liability 100% to the protesters.

Plaintiff moved for a new trial and/or judgment notwithstanding the verdict pursuant to CPLR 4404 (a). The court denied that motion. We reverse.

We agree with plaintiff that the verdict sheet created confusion for the jury (cf. Williams v Brosnahan, 295 AD2d 971, 974 [2002]). The court's charge concerning the two questions about the potential liability of the "protesters" did not, in our view, alleviate the confusion (cf. Brewster v Prince Apts., 264 AD2d 611, 616 [1999], lv dismissed 94 NY2d 875 [2000], lv denied 94 NY2d 762 [2000]). For example, the question regarding the negligence of the "protesters" on the verdict sheet was framed differently from the questions regarding the negligence of defendants and plaintiff. Thus, because the jury may have been substantially confused by the inclusion of the "protesters" on the verdict sheet, a new trial must be granted (cf. Dillman v Albany R.C. Diocese, 237 AD2d 767, 767-768 [1997]).

All concur except Smith and Lawton, JJ., who dissent and vote to affirm in the following memorandum.

Smith and Lawton, JJ. (dissenting). We respectfully dissent. On appeal, Felicia Helton (plaintiff) limited her argument to whether Supreme Court erred in apportioning fault to the nonparty protesters because defendants failed to plead CPLR article 16 as an affirmative defense and because plaintiff could not obtain personal jurisdiction over the protesters. We do not agree with the majority that we should consider the issue of jury confusion. In our view, plaintiff abandoned that issue and this Court should not reach it in the interest of justice (see Ciesinski v Town of Aurora, 202 AD2d 984 [1994]; cf. Brown v Moodie, 116 AD2d 980, 981-982 [1986]). Nor do we agree with the majority's conclusion with respect to that issue.

Plaintiff had the burden of establishing defendants' negligence, and the role of the jury ended when it found that defendants' negligence was not a factor in bringing about plaintiff's injuries. Consequently, the issue of apportionment is surplusage. Because there is a "valid line of reasoning and

permissible inferences that could . . . lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Ruddock v Happell*, 307 AD2d 719, 720 [2003]), we would affirm. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Lawton, JJ.