■ James A. Dietz, Appellant, v Compass Property Management Corporation et al., Respondents. [855 NYS2d 770]—

Memorandum: Plaintiff commenced this Labor Law § 241 (6) action to recover damages for injuries he sustained when he fell while pushing a wheelbarrow up a ramp and into the back of a truck. At trial, the jury returned a verdict in favor of defendants. Plaintiff then moved to set aside the verdict with respect to proximate cause as against the weight of the evidence and for a new trial on the issues of proximate cause and damages. We agree with plaintiff that Supreme Court erred in denying his motion. We note at the outset that, although the order from which plaintiff's appeal was taken was subsumed in the judgment, we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the judgment (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5520 [c]).

We further note at the outset that the record does not support plaintiff's contention that the jury " 'was substantially confused by the verdict sheet and the charge and was thus unable to make a proper determination upon adequate consideration of the evidence' " (*Dillman v Albany R.C. Diocese*, 237 AD2d 767, 767 [1997]; *cf. Helton v Hirschman*, 17 AD3d 987, 989 [2005]). Contrary to the further contentions of plaintiff, the court's charge " 'accurately stated the law as it applie[d] to the facts in this case' " and did not prevent the jury from considering the issues before it (*Gerbino v Tinseltown USA*, 13 AD3d 1068, 1071 [2004]).

We agree with plaintiff, however, that the verdict is against the weight of the evidence on the issue of proximate cause. The issues of negligence and proximate cause "are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Skowronski v Mordino*, 4 AD3d 782, 783 [2004] [internal quotation marks omitted]; *see Szymanski v Holenstein*, 15 AD3d 941 [2005]), and here the jury found negligence but not proximate cause. The applicable Industrial Code regulation requires that ramps constructed for the use of wheelbarrows shall be "at least 48 inches in width . . . [and] shall be constructed of planking at least two inches thick full size or metal of equivalent strength" (12 NYCRR 23-1.22 [b] [3]). The regulation further requires that such ramps "shall be provided with timber curbs at least two inches by eight inches full size, set on edge and placed parallel to, and secured to, the sides of such . . . ramps" (*id.*). The undisputed evidence at trial established that the ramp from which plaintiff fell was a single plank of wood less than 12 inches wide and two inches thick and was without timber curbs. Furthermore, one of plaintiff's coworkers testified that he had fallen off the ramp over 50 times. Plaintiff's safety expert testified that the ramp did not comply with the prevailing standards in the construction industry at the time of the accident, plaintiff's engineering expert testified that the accident would not have occurred if the ramp had been 48 inches wide with curbs, as required by 12 NYCRR 23-1.22 (b) (3), and plaintiff's medical expert testified that plaintiff's injuries were caused by the fall from the ramp. Although defendants did not call any witnesses, they contend that the verdict is not against the weight of the evidence because plaintiff's testimony concerning the accident was not credible. We reject that contention. Although no witnesses saw plaintiff fall off the ramp, one witness heard the sound of a wheelbarrow falling to the ground, and moments later three witnesses observed plaintiff holding his back and complaining of pain. Even assuming, arguendo, that the jury did not credit plaintiff's

testimony, we nevertheless conclude that there is no fair interpretation of the evidence pursuant to which the jury could find, as it did here, that the accident occurred, that plaintiff's injuries were caused by the accident, that the condition of the ramp constituted negligence on the part of defendants, but that defendants' negligence was not a proximate cause of the accident (*see Szymanski*, 15 AD3d 941 [2005]). Present—Scudder, P.J., Centra, Fahey, Green and Pine, JJ.