■ EILEEN KUNSMAN, Appellant, v RONALD BAROODY, Respondent, et al., Defendant. [875 NYS2d 407]—

Appeal from a judgment of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered May 12, 2008 in a personal injury action. The judgment dismissed the complaint against defendant Ronald Baroody upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on the ice-covered rear steps of a building owned by Ronald Baroody (defendant). On appeal from the judgment entered on the jury's verdict of no cause of action, plaintiff contends that Supreme Court erred in denying her post-trial motion seeking judgment notwithstanding the verdict on the issue of defendant's negligence. We reject that contention. Plaintiff failed to surmount "the lofty hurdle of showing that 'there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Adamy v*

*Ziriakus*, 92 NY2d 396, 400 [1998], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). The court also properly denied the post-trial motion of plaintiff seeking, in the alternative, to set aside the verdict with respect to defendant's alleged negligence as against the weight of the evidence and for a new trial on that issue. Such relief "should not be granted unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga*, 191 AD2d 963, 964 [1993]), and that is not the case here.

Plaintiff further contends that the jury's verdict was inconsistent insofar as the jury found that the absence of a handrail for the walkway and steps where she fell constituted an unsafe and dangerous condition but that defendant was not negligent in failing to provide such a handrail. Plaintiff failed to preserve that contention for our review inasmuch as she failed to raise it before the jury was discharged (*see Rivera v MTA Long Is. Bus*, 45 AD3d 557 [2007]). In any event, "[a] contention that a verdict is inconsistent and irreconcilable must be reviewed in the context of the court's charge[ ] and[,] where it can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*id.* at 558; *see Skowronski v Mordino*, 4 AD3d 782, 783 [2004]). Here, the jury could have reasonably found, in view of the court's charge, that the absence of a handrail constituted an unsafe and dangerous condition but that defendant's conduct did not demonstrate a lack of reasonable care. Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.