■ DORIS KRIEGER et al., Appellants, v McDONALD's RESTAURANT OF NEW YORK, INC., et al., Respondents. (Appeal No. 1.) [914 NYS2d 480]—

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered May 26, 2009 in a personal injury action. The order, among other things, denied plaintiffs' motion for judgment notwithstanding the verdict.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: The plaintiffs in appeal No. 1 commenced an action seeking damages for injuries sustained by plaintiff Doris Krieger when she slipped and fell on ice on a sidewalk maintained by defendants. The plaintiff in appeal No. 2 commenced a separate action seeking damages for injuries he sustained when, shortly after plaintiff Doris Krieger's accident, he slipped and fell on ice in a different area of the same sidewalk. The two actions were consolidated for trial on the issue of liability, and the jury found that defendants were not negligent.

In these consolidated appeals, the plaintiffs in each appeal (collectively, plaintiffs) contend that Supreme Court erred in denying their post-trial motion seeking, inter alia, to set aside the verdict as against the weight of the evidence and for a new trial. We reject that contention. We note at the outset that, to the extent that plaintiffs further contend that the verdict should be set aside as inconsistent, they failed to preserve that contention for our review inasmuch as they "failed to object to the verdict on that ground before the jury was discharged" (*Potter v Jay E. Potter Lbr. Co., Inc.*, 71 AD3d 1565, 1567 [2010]; *see Kunsman v Baroody*, 60 AD3d 1369, 1370 [2009]).

" 'A verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence' " (*Lifson v City of Syracuse* [appeal No. 2], 72 AD3d 1523, 1524 [2010]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]), and that cannot be said here. According to plaintiffs' expert meteorologist, a storm deposited significant amounts of freezing rain in the early morning on the day of the accidents. He testified that, at approximately 10:00 A.M., the freezing rain changed to "plain rain," which in turn changed to drizzle in the early afternoon. By 4:00 P.M., there was "very light freezing drizzle," with "a little snow mixed in toward the end of the day." Thus, plaintiffs' expert concluded that, although the winter storm ceased by midday, the later meteorological conditions that included the light freezing drizzle as well as a drop in temperature could have created slippery conditions shortly before the accidents. Nevertheless, plaintiffs' expert did not testify concerning the timing of the formation of the icy areas that caused the accidents (*see Robinson v Albany Hous. Auth.*, 301 AD2d 997, 998 [2003]; *cf. Bullard v Pfohl's Tavern, Inc.*, 11 AD3d 1026 [2004]). We thus conclude that a fair interpretation of the evidence supports the jury's verdict, i.e., that

the specific icy areas at issue "formed so close in time to the accident[s] that [defendants] could not reasonably have been expected to notice and remedy [them]" (*Piersielak v Amyell Dev. Corp.*, 57 AD3d 1422, 1423 [2008] [internal quotation marks omitted]; *see Wilkowski v Big Lots Stores, Inc.*, 67 AD3d 1414, 1415 [2009]). Although a shift manager for defendants testified that he observed ice in one or two areas of the sidewalk and elsewhere at or around 2:00 P.M., those icy areas were near a different building entrance. It is well established that "[g]eneral awareness that snow or ice may be present is legally insufficient to constitute notice of the particular condition that caused" a plaintiff to fall (*Kaplan v DePetro*, 51 AD3d 730, 731 [2008]; *see Boucher v Watervliet Shores Assoc.*, 24 AD3d 855, 857 [2005]; *Stoddard v G.E. Plastics Corp.*, 11 AD3d 862, 863 [2004]). For the same reasons, we conclude that the court also properly denied plaintiffs' post-trial motion to the extent that it sought judgment notwithstanding the verdict (*see generally Adamy v Ziriakus*, 92 NY2d 396, 400 [1998]; *Kunsman*, 60 AD3d at 1369-1370).

Finally, plaintiffs' contention that the jury was confused with respect to the concept of negligence based on the court's failure to re-read a portion of the charge with respect thereto is unpreserved for our review (*see Delong v County of Chautauqua* [appeal No. 2], 71 AD3d 1580, 1580-1581 [2010]; *Garris v K-Mart, Inc.*, 37 AD3d 1065 [2007]). We note in any event that, contrary to plaintiffs' contention, the court's charge "accurately stated the law as it applie[d] to the facts in this case and did not prevent the jury from considering the issues before it" (*Dietz v Compass Prop. Mgt. Corp.*, 49 AD3d 1152, 1153 [2008] [internal quotation marks omitted]; *see Schmidt v Buffalo Gen. Hosp.*, 278 AD2d 827 [2000], *lv denied* 96 NY2d 710 [2001]). Present— Martoche, J.P., Fahey, Carni, Lindley and Sconiers, JJ.