# SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1015**

**CA 11-01742**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

MICHAEL MCALEER AND KRISTI MCALEER,
PLAINTIFFS-APPELLANTS,

V                                           MEMORANDUM AND ORDER

CHARLES G. QUILL, JR. AND CHARLES G. QUILL,
DOING BUSINESS AS ROYAL PHEASANT SUPPER CLUB,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

HOGAN WILLIG, PLLC, AMHERST (TAMMY L. RIDDLE OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

SUGARMAN LAW FIRM, LLP, BUFFALO (MICHAEL A. RIEHLER OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Diane
Y. Devlin, J.), entered February 23, 2011 in a personal injury action.
The judgment, among other things, dismissed plaintiffs' complaint.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiffs commenced this action seeking damages for
injuries sustained by Michael McAleer (plaintiff) when he slipped and
fell on ice outside a bar and restaurant operated by defendants.  The
jury returned a verdict finding that defendants were not negligent,
and Supreme Court denied plaintiffs' motion seeking to set aside the
verdict as against the weight of the evidence and seeking a new trial.
We affirm.

A verdict should not be set aside as against the weight of the
evidence " 'unless the preponderance of the evidence in favor of the
moving party is so great that the verdict could not have been reached
upon any fair interpretation of the evidence' " (*Ruddock v
Happell*, 307 AD2d 719, 720; *see Krieger v McDonald's Rest. of N.Y.,
Inc.*, 79 AD3d 1827, 1828, *lv dismissed* 17 NY3d 734), and that cannot
be said here.  Plaintiffs' expert engineer testified that, upon
considering the records of the National Weather Bureau for the day
preceding plaintiff's fall, he determined that it was above freezing
during the daytime, which would have caused melting snow and runoff.
He further testified that, by 1:00 a.m. the following morning, the
temperature was 32 degrees.  The accident occurred at 3:00 a.m., and
plaintiff and witnesses to the accident testified that there was black

ice on the sidewalk where plaintiff fell.  Plaintiffs, however, did not present evidence "concerning the timing of the formation of the icy areas that caused the accident[] . . . [and thus] a fair interpretation of the evidence supports the jury's verdict, i.e., that the specific icy areas at issue 'formed so close in time to the accident[] that [defendants] could not reasonably have been expected to notice and remedy [them]' " (*Krieger*, 79 AD3d at 1828-1829; *see Jordan v Musinger*, 197 AD2d 889, 890).  Indeed, plaintiffs' expert testified that the air temperature and the pavement temperature could vary, and thus the jury would have been compelled to engage in speculation concerning when the ice formed.

We reject plaintiffs' contention that defendants had constructive notice of the dangerous condition because they should have known that the temperature was going to drop, and they therefore should have applied salt to the sidewalk before that occurred.  A " '[g]eneral awareness that snow or ice may be present is legally insufficient to constitute notice of the particular condition that caused a plaintiff to fall' " (*Krieger*, 79 AD3d at 1829; *see Boucher v Watervliet Shores Assoc.*, 24 AD3d 855, 857).  "[W]hen weather conditions cause property to become dangerous by reason of the accumulation of ice, the law affords the landowner *a reasonable time after* the . . . temperature fluctuation which caused the hazardous condition to take corrective action" (*Bullard v Pfohl's Tavern, Inc.*, 11 AD3d 1026, 1027 [emphasis added and internal quotation marks omitted]).

Finally, we reject plaintiffs' contention that the court erred in its charge to the jury.  The court properly charged the jury on possessor liability in the context of a slip and fall case pursuant to PJI 2:91 rather than the more general standard on possessor liability pursuant to PJI 2:90 (*see generally Revill v Boston Post Rd. Dev. Corp.*, 293 AD2d 138, 141, *appeal dismissed* 98 NY2d 725).  The court also properly gave an intoxication charge inasmuch as there was evidence before the jury to support that charge (*see Johnson v White*, 85 AD3d 977, 978).

Entered:  September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court