■ PATRICIA PAGE et al., Appellants, v NIAGARA FALLS MEMORIAL MEDICAL CENTER et al., Respondents. (Appeal No. 1.) [33 NYS3d 801]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered November 24, 2014. The order, insofar as appealed from, granted the motions of defendants to dismiss the amended complaint.

It is hereby ordered that the order insofar as appealed from is unanimously reversed in the exercise of discretion without costs, defendants' motions are denied, the amended complaint is reinstated, and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: In appeal No. 1, plaintiffs appeal from an order that, among other things, granted defendants' motions pursuant to CPLR 3126 (3) seeking dismissal of the amended complaint. In appeal No. 2, plaintiffs appeal from an order denying their motion seeking leave to reargue. At the outset, we dismiss plaintiffs' appeal from the order in appeal

No. 2 inasmuch as the order denying the motion for leave to reargue is not appealable (*see Serrano v Rajamani*, 6 AD3d 1191, 1192 [2004]; *Ireland v Wilenzik*, 296 AD2d 771, 773 [2002]).

With respect to appeal No. 1, it is well established that " '[a] trial court has broad discretion in supervising the discovery process, and its determinations will not be disturbed absent an abuse of that discretion' " (*Daniels v Rumsey*, 111 AD3d 1408, 1409 [2013]). Nonetheless, "where discretionary determinations concerning discovery and CPLR article 31 are at issue, [we are] vested with the same power and discretion as [Supreme Court, and thus we] may also substitute [our] own discretion *even in the absence of abuse*" (*id.* [internal quotation marks omitted]; *see generally Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d 843, 845 [2008]). Under the circumstances of this case, we substitute our own discretion for that of the court, and we conclude that dismissal of the amended complaint pursuant to CPLR 3126 (3) is not warranted. We therefore reverse the order insofar as appealed from, and we remit the matter to Supreme Court for further proceedings not inconsistent with this decision. We note that, upon remittal, the court may impose alternative penalties. Present—Centra, J.P., Peradotto, Lindley, DeJoseph and NeMoyer, JJ.