# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**519**
**CA 15-01485**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

PATRICIA PAGE AND JAMES PAGE,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

NIAGARA FALLS MEMORIAL MEDICAL CENTER,
CURLIN MEDICAL INC., B. BRAUN MEDICAL, INC.,
AND MOOG INC., DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

HOGAN WILLIG, PLLC, AMHERST (LINDA LALLI STARK OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (MARK R. AFFRONTI OF
COUNSEL), FOR DEFENDANT-RESPONDENT NIAGARA FALLS MEMORIAL MEDICAL
CENTER.

HARRIS BEACH PLLC, PITTSFORD (SVETLANA K. IVY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS CURLIN MEDICAL INC., B. BRAUN MEDICAL, INC. AND
MOOG INC.

---

Appeal from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered November 24, 2014. The order, insofar
as appealed from, granted the motions of defendants to dismiss the
amended complaint.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed in the exercise of discretion without costs,
defendants' motions are denied, the amended complaint is reinstated,
and the matter is remitted to Supreme Court, Niagara County, for
further proceedings in accordance with the following memorandum: In
appeal No. 1, plaintiffs appeal from an order that, among other
things, granted defendants' motions pursuant to CPLR 3126 (3) seeking
dismissal of the amended complaint. In appeal No. 2, plaintiffs
appeal from an order denying their motion seeking leave to reargue.
At the outset, we dismiss plaintiffs' appeal from the order in appeal
No. 2 inasmuch as the order denying the motion for leave to reargue is
not appealable (*see Serrano v Rajamani*, 6 AD3d 1191, 1192; *Ireland v
Wilenzik*, 296 AD2d 771, 773).

With respect to appeal No. 1, it is well established that " '[a]
trial court has broad discretion in supervising the discovery process,
and its determinations will not be disturbed absent an abuse of that
discretion' " (*Daniels v Rumsey*, 111 AD3d 1408, 1409). Nonetheless,

"where discretionary determinations concerning discovery and CPLR article 31 are at issue, [we are] vested with the same power and discretion as [Supreme Court, and thus we] may also substitute [our] own discretion *even in the absence of abuse*" (*id.* [internal quotation marks omitted]; *see generally Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d 843, 845). Under the circumstances of this case, we substitute our own discretion for that of the court, and we conclude that dismissal of the amended complaint pursuant to CPLR 3126 (3) is not warranted. We therefore reverse the order insofar as appealed from, and we remit the matter to Supreme Court for further proceedings not inconsistent with this decision. We note that, upon remittal, the court may impose alternative penalties.

Entered:  July 1, 2016                          Frances E. Cafarell
                                                Clerk of the Court