Capierseo v Tomaino (2018 NY Slip Op 02917)





Capierseo v Tomaino


2018 NY Slip Op 02917


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


85 CA 16-02322

[*1]MICHELLE L. CAPIERSEO, PLAINTIFF-RESPONDENT,
v
MATTHEW TOMAINO, M.D., AND TOMAINO ORTHOPAEDIC CARE FOR SHOULDER, HAND AND ELBOW, LLC, DEFENDANTS-APPELLANTS. 






BROWN, GRUTTADARO, GAUJEAN AND PRATO, LLC, ROCHESTER (DENNIS GRUTTADARO OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
KELLY WHITE DONOFRIO LLP, ROCHESTER (DONALD A. WHITE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered April 22, 2016. The order granted the motion to set aside that part of the jury verdict finding that the postsurgical negligence of defendant Matthew Tomaino, M.D. was not a substantial factor in causing plaintiff's injuries. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the verdict is reinstated in its entirety.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained during surgery to remove a dorsal wrist ganglion cyst. Following the surgery, plaintiff presented with symptoms of injury to two of her index finger extensor tendons, neither of which was the subject of the surgery. The jury returned a verdict finding that Matthew Tomaino, M.D. (defendant) was not negligent in the performance of the surgery but that he was negligent in his postsurgical care of plaintiff. Plaintiff's theory with respect to defendant's postsurgical negligence was that he incorrectly ordered an MRI study of plaintiff's hand instead of the wrist and, as a result, the diagnosis and repair of iatrogenic tendon lacerations was delayed. Plaintiff contended that her injuries and damages caused by the postsurgical negligence consisted of the lengthy period of postsurgical physical therapy that she underwent, which was painful and futile, together with the attendant costs of such physical therapy. However, the jury further found that defendant's postsurgical negligence was not a substantial factor in causing plaintiff's injuries. Plaintiff moved pursuant to CPLR 4404 (a) to set aside that part of the verdict finding that defendant's postsurgical negligence was not a substantial factor in causing plaintiff's injuries, and Supreme Court granted the motion. We reverse.
Defendants presented competent expert testimony establishing that, notwithstanding that defendant ordered the incorrect MRI study, his postsurgical diagnosis, care and treatment was nonetheless correctly focused on the injured tendons and was within the standard of care for such injuries. Although plaintiff presented expert testimony to the effect that the correct MRI study would have resulted in prompt exploratory surgery and repair, without the need for the lengthy course of physical therapy, that testimony merely framed the "battle of the experts" for the jury's consideration.
Contrary to plaintiff's contention, we conclude that the issues of negligence and proximate cause were not so inextricably interwoven as to make it logically impossible to find one without the other (see generally Gibson v Singh Towing, Inc., 155 AD3d 614, 616 [2d Dept 2017]). Where a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (see Kunsman v Baroody, 60 AD3d 1369, 1370 [4th Dept 2009]; see also Schreiber v University of Rochester Med. Ctr., 88 [*2]AD3d 1262, 1263 [4th Dept 2011]), and we conclude that defendants are entitled to that presumption here.
We also agree with defendants that the verdict was not against the weight of the evidence and that the court therefore erred in granting plaintiff's posttrial motion. It is well settled that a jury verdict will be set aside as against the weight of the evidence only when the evidence at trial so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (see Grassi v Ulrich, 87 NY2d 954, 956 [1996]; Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). Applying that principle here, we conclude that there is a fair interpretation of the evidence pursuant to which the jury could have found that, notwithstanding the error in ordering the incorrect MRI, defendant did not cause any postsurgery injuries alleged by plaintiff (see Schreiber, 88 AD3d at 1263-1264). We further conclude that the "trial was a prototypical battle of the experts, and the jury's acceptance of defendants' case was a rational and fair interpretation of the evidence" (Lillis v D'Souza, 174 AD2d 976, 977 [4th Dept 1991], lv denied 78 NY2d 858 [1991]; see Schultz v Excelsior Orthopaedics, LLP [appeal No. 2], 129 AD3d 1606, 1607 [4th Dept 2015]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court